# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CT INSTALL AMERICA, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JULIAN BORYSZEWSKI, individually and t/d/b/a Focal Point Remodeling; FOCAL POINT REMODELING, INC.; JESSICA BORYSZEWSKI; NICHOLAS CANCI; MATTHEW BORYSZEWSKI; DAVID SNIVELY; MATTHEW CRUZ; GINGER STANLEY; ALEXX BISCUIT; DAVID FALINE; THOMAS CLATTENBURG; BRIAN SUTHERLAND; CAYCE BANKERT; TIMOTHY BODNAR; CARRIE SULLIVAN; and MATTHEW BLUMBERG,<br><br>        Defendants. | Civil Action No. 22-4557 |

**NOTICE OF DEFENDANT BRIAN SUTHERLAND'S MOTION UNDER RULE 11 AGAINST PLAINTIFF CT INSTALL AMERICA, LLC, AND PLAINTIFF'S COUNSEL, FOR FAILURE TO CONDUCT A REASONABLE INQUIRY PRIOR TO FILING THE COMPLAINT AGAINST BRIAN SUTHERLAND AND FOR PLEADING MATERIALLY FALSE STATEMENTS ABOUT HIM**

TO:    Andrew W. Muir, Esq.
        Muir Law Offices
        1235 Penn Avenue
        Suite 201
        Wyomissing, PA 19610

        *Attorney for Plaintiff, CT Install America, LLC*

**PLEASE TAKE NOTICE** that on January 13, 2023, Defendant Brian Sutherland ("Sutherland"), shall move before the United States District Court for the Eastern District of Pennsylvania under Rule 11, Fed. R. Civ. P., for an award of sanctions against plaintiff CT Install America, LLC ("Install America" or "Plaintiff") and its counsel, based on their failure to perform a reasonable inquiry into the averments made against Sutherland in Install America's Complaint filed on November 10, 2022, and for certifying materially false statements against Sutherland clearly lacking any evidence to support the same averments. The central allegation of the Complaint against Sutherland (paragraph 158) is that he "is now employed by FPR Inc. aiding Julian and Canci's direct competition with the Plaintiff's and their solicitation of the plaintiff's employees, suppliers, and customers, and using Install America's confidential information and trade secrets for his own financial gain, in breach of his 'Non-Disclosure Agreement.'" This is Install America's supposed basis for naming Sutherland as a defendant on all thirteen counts of the Complaint, including alleged serious violations of federal law under the Defend Trade Secrets Act ("DTSA"), Computer Fraud and Abuse Act ("CFAA"), and the Racketeering Influenced and Corrupt Organizations Act ("RICO").

The allegation of paragraph 158 is incorrect in all respects. Sutherland has never been employed by FPR; has never aided anyone to compete with Plaintiff; has never solicited any of Plaintiff's employees, suppliers, or customers; and has never used any of Plaintiff's confidential information for any purpose other than to assist

Plaintiff. He has never even discussed with anyone committing any of these alleged wrongs.

Critically, Install America had no factual basis to make the incorrect allegation of paragraph 158, because it knew that Sutherland did not work for FPR, and it had no basis for the other assertions in that paragraph.

Since Sutherland's resignation from Install America on March 19, 2021, he has worked at Supersapiens, a company in the fitness and wellness industry that specializes in blood glucose monitoring. Since his resignation from Install America, Sutherland has, in fact, helped Install America with its business by answering questions and providing technical assistance (and, from these interactions, Install America has known for some time that Sutherland works in the fitness and wellness industry and therefore does *not* work for FPR, which is in the home remodeling industry). This was done *at Install America's request* and with no compensation for Sutherland's time. Despite several reminders of these facts to its counsel, Install America has failed to withdraw the Complaint against Sutherland.

**PLEASE TAKE FURTHER NOTICE** that the basis for this motion is as follows:

1. Install America filed this action against Sutherland and fifteen (15) other Defendants on November 10, 2022.

2. Sutherland was not served with the suit until November 22, 2022.

3. In its Complaint, Install America asserted thirteen (13)[1] claims against each defendant (including Sutherland) for "misappropriation of trade secrets, unauthorized access to protected computers, civil conspiracy, breach of contract, breach of certain non-disclosure/non-solicitation/non-competition agreements, breach of fiduciary duty, interference with prospective business relations, for the benefit of their present employer, Defendant Focal Point Remodeling, Inc." Complaint Preamble at 2.

4. Install America alleges throughout its Complaint that Sutherland is employed by Focal Point Remodeling, Inc. ("FPR"). *Id.* ¶¶ 24, 64, 158.

5. As explained in the attached Declaration of Brian Sutherland (Exhibit 1), Sutherland is not, nor has he ever been, employed by FPR. Declaration ¶ 2. Since March 21, 2021, Sutherland has worked in the fitness and wellness industry for a company called Supersapiens, whose primary product is a glucose monitoring system. *Id.* ¶¶ 3, 6. Install America has been aware of that fact since that time. *Id.* ¶¶ 4-5. Sutherland has never even had a discussion with anyone about working for FPR. *Id.* ¶ 10.

6. Sutherland has not engaged in any of the acts or committed any of the wrongs alleged by plaintiff. He has never in any way aided FPR to directly or indirectly competed with Install America and he has never discussed the prospect of doing so with anyone. *Id.* ¶ 11. He has never solicited any of the customers of Install

---

[1] The Complaint jumps from Count XII (12) to Count XIV (14). There is no Count XIII (13).

America on behalf of himself, FPR, or any other person or entity and he has never discussed the prospect of doing so with anyone. *Id.* ¶ 12. He has never used Install America's confidential information except to further Install America's interests, and he has never discussed the prospect of doing so with anyone. *Id.* ¶ 13.

       7.     Sutherland has never provided any data or any assistance to any of the other defendants named in this matter, and he has never discussed the prospect of doing so with anyone. *Id.* ¶ 14. He has never obtained unauthorized access to any of Install America's systems, nor has he ever exceeded authorized access of such systems, nor has he ever discussed the prospect of doing either with anyone. *Id.* ¶ 15.

       8.     Not only has Sutherland NOT worked against Plaintiff's interests or committed any other wrongs as alleged, but since he left Plaintiff on March 19, 2021, he has repeatedly, at Plaintiff's request and without pay aided the Plaintiff. *Id.* ¶¶ 19-23. The only time that Sutherland potentially accessed some of Install America's digital systems was on occasions when he received contacts from employees of Install America seeking help with issues related to these systems. *Id.* ¶ 19. Every time he got a call for help from an Install America employee, Sutherland responded with an effort to assist and resolved the problem to their satisfaction. He was never compensated for any of his time helping Install America. *Id.* ¶ 23.

       9.     After Plaintiff was served with the Complaint, on November 23, 2022, attorney Nancy Wolff, acting on Sutherland's behalf, sent Plaintiff's counsel Andrew Muir an email informing him that the Complaint contained "strikingly inaccurate information concerning Mr. Sutherland that should have been readily

5

discovered," specifically, that Sutherland has never been employed by FPR and since leaving FPR has worked in the fitness and wellness industry. *See* Exhibit 2 at 3-5.

10. Wolff further explained that Sutherland has fully cooperated with and assisted Install America since leaving the company in March 2021 including by helping Install America's current employees with questions, *free of charge*, post-employment. Notably, on November 8, 2022, only two days prior to the filing of the Complaint, Sutherland spent time on the phone with Install America's current installation manager, Mike Bassetti, helping him with a business application feature. *Id*. at 4.

11. Given the inaccuracies in the Complaint and Muir's failure to investigate the facts, Wolff noted that she expected that the lawsuit would be dismissed against Sutherland. *Id*.

12. Over a week later, on December 1, 2022, Muir responded and told Wolff to answer the Complaint. *Id*. at 2-3.

13. On December 2, 2022, Wolff emailed Muir, *again,* explaining that Sutherland has never been employed by FPR or any of the Defendants, and offering to provide him with documentation proving Sutherland's current employment with Supersapiens. She *again* explained that Sutherland has cooperated and assisted Install America and its employees each time they have contacted him, including as recently as November 8, 2022, and she also suggested that she would send a Rule 11 letter if needed. *Id*. at 1.

14. Despite Wolff's entreaties, Muir failed to withdraw the Complaint against Sutherland and failed to confer with Wolff as requested. On December 6, 2022, Muir responded to Wolff by ignoring the facts about Sutherland and the offer to prove Sutherland's current employment and telling her to respond to the Complaint. *See* Exhibit 3 at 2.

15. On December 8, 2022, undersigned counsel entered appearances on behalf of Sutherland. Undersigned counsel emailed Muir to inform him of the entries of appearance and to *again* explain that the allegations of the Complaint against Sutherland are incorrect in all respects. *See* Exhibit 4 at 2.

16. Undersigned counsel wrote that "Sutherland has never worked for FPR, nor has he solicited any of its employees, suppliers, or customers, nor has he used any of the plaintiff's information for any purpose other than to further the interest of the plaintiff, his former employee." Undersigned counsel provided Muir with a draft notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), and asked Muir to dismiss the case against Sutherland. *Id.*

17. Undersigned counsel also asked Muir, if he declined to file a notice of dismissal, to "advise if you are available to confer by phone today or tomorrow, because in that event there is a very big disconnect between you and me on the facts relating to my client that I would like to clear up as soon as possible." *Id.*

18. Muir responded by ignoring the request to confer and instead, again, demanding that Sutherland file a response to the Complaint. *Id.* at 1.

19. On December 12, 2022, Sutherland filed his Answer to the Complaint, in which he denied Plaintiff's claims against him and the alleged facts on which they are based. ECF 18.

20. Pursuant to Fed. R. Civ. P. 11(b), by signing a Complaint, the attorney signing it represents that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

21. Plaintiff's counsel had "an affirmative duty to conduct a reasonable investigation into the facts of a claim both prior to filing suit and thereafter in order to ensure that the assertions contained …. are made with reasonable belief that they are well-grounded in fact." *Jaworski v. New Jersey Tpk. Auth.*, 2007 WL 9783275, at *1 (D.N.J. June 19, 2007) (citing *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.,* 999 F.2d 745, 751 (3d Cir.1993)).

22. Plaintiff's counsel failed to perform a reasonable inquiry into the factual contentions pled against Sutherland. If counsel had done so, counsel would have learned that Sutherland has never been employed by FPR. For example, if Plaintiff's counsel had conducted a simple LinkedIn search of Sutherland's professional status, he would have learned this fact. Sutherland Dec. ¶¶ 7-8.

23. Even more notably, since Sutherland resigned from his position at Install America in March 2021, Install America has maintained contact with

Sutherland, and has sought and obtained Sutherland's assistance with questions relating to Install America's digital systems. *Id.* ¶¶ 19-23.

24. Install America knew that Sutherland was and is no longer in the home remodeling business. On August 6, 2022, Christopher Slocomb, Owner of Install America, sent Sutherland a text message with a podcast recommendation as it related to Sutherland's current employment in the field of *fitness and wellness*. *See id.* ¶ 5; Exhibit 5 at 8 (Sutherland000042).

25. Slocomb has also sent Sutherland various texts relating to Plaintiff's requests for Sutherland's assistance with Install America's business applications. *See* Exhibit 5 (Sutherland000035-44).

26. As recently as November 8, 2022, two days before filing the Complaint, Sutherland received a voicemail from Mike Bassetti, General Installation Manager at Install America, requesting Sutherland's free help with one of Install America's business applications. *See* Exhibit 6 (Sutherland000092-93).

27. These and the other communications set forth in Sutherland's Declaration prove that Install America knew that Sutherland is *not*, as alleged in the Complaint, employed by FPR.

28. Rule 11 sanctions can be imposed not only on an attorney who signs a pleading, but "on the party the signing attorney represents…." Fed. R. Civ. P. 11 Advisory Committee Notes. *See also Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 956 (4th Cir. 1990) ("The rule…provides that, if a pleading is signed in violation of the rule, the court 'shall impose the person who signed it, a represented

9

party, or both, an appropriate sanction.'") (quoting Fed. R. Civ. P. 11; emphasis in case). The standard for sanctioning a private party under Rule 11 is the same as the standard for sanctioning an attorney. *Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 83 (E.D. Pa. 1992), *aff'd*, 998 F.2d 1004 (3d Cir. 1993).

29. The thirteen claims filed against Sutherland all depend upon the allegation of paragraphs 24, 64, and 158 of the Complaint that Sutherland is employed by FPR. This assertion is an essential building block for all the thirteen claims made against Sutherland.

30. In Count I, Install America claims that Sutherland violated the Defend Trade Secrets Act ("DTSA") by stealing trade secrets, providing these secrets to his alleged employer, FPR, and using them to conduct business on its behalf. Complaint ¶¶ 249-251.

31. In Count II, Install America claims that Sutherland violated the Computer Fraud and Abuse Act ("CFAA") by accessing "Install America's computers without authorization and in excess of … previously authorized access" "to unjustly profit and cause damage to Install America." *Id.* ¶¶ 256-259.

32. In Count III, Install America claims that Sutherland violated the Pennsylvania Uniform Trade Secrets Act ("PUTSA") by accessing and stealing trade secrets through improper means, disclosing the trade secrets to his alleged employer FPR, and using them to conduct business on its behalf. *Id.* ¶¶ 266-269.

33. In Count IV, Install America claims that Sutherland violated a valid and enforceable restrictive covenant by "engaging in professional activities

substantially identical to those [he] performed for Install America in direct competition with Install America" and did so "for [his] own benefit and the benefit of FPR …." *Id.* ¶¶ 287-288.

34. In Count V, Install America claims Sutherland "unlawfully copied and removed" confidential and proprietary trade secret information, and is "actively using such information for [his] benefit and to obtain an unfair competitive advantage over Install America while directly competing with the Plaintiff," all "for the purpose of benefitting FPR …." *Id.* ¶¶ 299, 311.

35. In Count VI, Install America makes a claim for "injunctive relief under the DTSA, CFAA, PUTSA and the common law of Pennsylvania" based on the allegation that Sutherland is "utilizing [his] knowledge of Install America's confidential and proprietary trade secret information for [his] own personal gain" including by marketing "intentionally designed to conflate Install America and FPR Inc." *Id.* ¶ 316.

36. In Count VII, Install America claims Sutherland violated RICO by "perpetrating a scheme that depended on multiple acts of theft of Plaintiff's trade secrets," and "multiple acts of computer fraud and abuse," with FPR as the alleged RICO "enterprise, which was solely created to allow the Individual Defendants to capitalize on a pattern of crime and racketeering activity." *Id.* ¶¶ 320-22.

37. In Count VIII, Install America claims that Sutherland violated RICO when he "perpetrated a scheme to steal Plaintiff's data through computer fraud," that "through his improper and fraudulent conduct and wrongful conduct …

11

agreed to and did participate in the conduct of the enterprise's [i.e., FPR's] affairs through a pattern of racketeering activity …." *Id.* ¶¶ 328, 330.

38. In Count IX, Install America claims that Sutherland breached his fiduciary duty to Install America when he "solicited other Install America employees to leave their employment and join FPR Inc." and when he "copied confidential and proprietary trade secret information … belonging solely to Install America … and [is] actively using such information for [his] own benefit, and for the benefit of FPR Inc. …." ¶¶ 338-39.

39. In Count X, Install America claims Sutherland has "violated the common law of Pennsylvania by interfering with the Plaintiff's business relationships with current and prospective Install America customers and by soliciting current Install America employees for employment with FPR Inc." *Id.* ¶¶ 342.

40. In Count XI, Install America claims that "FPR Inc. is doing business in the same geographic location as Plaintiff, and is utilizing the former Install America employees, the Defendants herein, to execute such business despite the provisions in their respective non-disclosure, non-solicitation, and non-competition Agreements." *Id.* ¶ 360.

41. In Count XII, Install America claims Sutherland committed civil conspiracy by accessing and misappropriating "Plaintiff's confidential and proprietary trade secret information" and using that information "to copy" a system that Plaintiff claims is proprietary "in support of FPR Inc.'s direct competition with the Plaintiff." *Id.* ¶¶ 368-70.

42. In Count XIV, Install America asserts a claim of respondeat superior against all defendants based on the assertion that FPR is "the employer of the Defendants …." *Id*. ¶ 380.

43. In short, insofar as the Complaint concerns Sutherland, all thirteen claims are based on verifiably incorrect facts, as Plaintiff through its counsel has been repeatedly advised. *See infra* ¶¶ 9-11, 13-16. Specifically, Sutherland is not and never has been employed by FPR.

44. Further, apart from the factual inaccuracy of the repeated allegation that Sutherland works for FPR, Plaintiff had no reasonable basis to make any of the other allegations against Sutherland, including the factually incorrect allegations of serious wrongdoing summarized above.

45. Despite being made aware that the claims against Sutherland are factually baseless, plaintiff has failed to withdraw the Complaint filed against Sutherland and has therefore failed to cure the incorrect allegations made against him.

46. Plaintiff and its counsel have violated Rule 11(b)(3) by pleading materially false statements of fact without first making reasonable inquiry.

47. That Plaintiff and its counsel client lacked a good faith basis for the allegations against Sutherland in the Complaint is reinforced by a December 14, 2022 10:17 a.m. email that attorney Muir sent to the Court's law clerk John Martin, in which Muir told the Court: "We further ***suspect*** [Sutherland] is involved with the Defendants' business and that he ***might*** have stolen additional information and

13

provided it to the other Defendants." (Emphasis added). This statement, with the wiggle-room language of "suspect" and "might," entirely contradicts the allegations of the Complaint, where Muir and Install America *definitively* allege that Sutherland "is now employed by FPR Inc." and in that capacity is "aiding Julian and Canci's' alleged wrongdoing[,]" and that Sutherland, along with the other defendants, *definitively* "accessed, copied, and *stole* [Install America's] trade secrets" and "disclosed these trade secrets to FPR Inc...." Compl. ¶¶ 158, 249, 256, 266, 268 (emphasis added). *See also id.* ¶¶ 299, 331, 339, 368-70, 373

48. The lack of evidence for these false allegations concerning Sutherland was readily apparent not just to Plaintiff's counsel, but importantly to Install America itself, specifically through its Owner, Christopher Slocomb, and President, Thomas McMillan.

49. Sutherland brought this subject to the attention of Muir and Install America by service of this motion on December 22, 2022. More than 21 days have passed, and the Complaint as to Sutherland has not been withdrawn with prejudice. Accordingly, Sutherland seeks sanctions against Install America and its counsel in the form of an Order dismissing the case against Sutherland with prejudice and an Order that Install America and its counsel pay reasonable attorneys' fees and costs incurred in defending this meritless suit.

50. Rule 11(c)(2) provides, in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the

>court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

51. By the plain language of the Rule, all that is required is service of a motion that is separate from any other motion and describes the specific conduct alleged to violate Rule 11. This requirement is amply satisfied by this motion, which specifically contests the allegations against Sutherland, and confirms that, contrary to the Complaint, Sutherland is, in fact, not employed, nor ever has been employed, by FPR, and that the allegations of wrongdoing on his part are baseless.

52. Given that this motion fully describes the specific conduct that allegedly violates Rule 11, there is no need for Sutherland to also serve a memorandum of law or affidavits at this time. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) (Rule 11(c)(2) requires only the service of "[a] motion" or "[t]he motion." It does not require the service of a memorandum of law or affidavits, nor does it use the words "formal fully supported motion.") (citations omitted).

53. Sutherland will file a memorandum of law that support this motion, should it become necessary to do so, in the event Plaintiff fails to withdraw the Complaint with prejudice.

54. Install America can obviate this Rule 11 motion simply by withdrawing the suit as against Sutherland and seeking an Order from the Court dismissing the claims against Sutherland with prejudice.[2]

**PLEASE TAKE FURTHER NOTICE** that oral argument is hereby requested if this Motion is opposed.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of order on this motion is submitted with this Notice of Motion.

Respectfully submitted,

**STEVE HARVEY LAW LLC**

By: /s/ Stephen G. Harvey
Stephen G. Harvey
Michael E. Gehring
E. Kelly Conway
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19013
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

*Attorney for Defendant, Brian Sutherland*

Dated: December 22, 2022

---

[2] Withdrawal of the Complaint will not, however, relieve Plaintiff or its counsel of their liability for Sutherland's attorney's fees and other costs defending Plaintiff's claims of trade secret misappropriation, which claims Sutherland maintains were made in bad faith. *See* 18 U.S.C.A. § 1836(b)(3); 12 Pa.C.S.A. § 5305.