IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CT INSTALL AMERICA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN BORYSZEWSKI,<br>individually and t/d/b/a Focal<br>Point Remodeling; et al.<br><br>Defendants. | Civil Action No. 22-4557<br><br>Hon. Mia Roberts Perez |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BRIAN SUTHERLAND'S MOTION FOR SANCTIONS UNDER RULE 11 AGAINST PLAINTIFF CT INSTALL AMERICA, LLC, AND PLAINTIFF'S COUNSEL, FOR FAILURE TO CONDUCT A REASONABLE INQUIRY PRIOR TO FILING THE COMPLAINT AGAINST BRIAN SUTHERLAND AND FOR PLEADING MATERIALLY FALSE STATEMENTS ABOUT HIM**

STEVE HARVEY LAW LLC
By:  Stephen G. Harvey
　　　Michael E. Gehring
　　　E. Kelly Conway
　　　PA Nos. 58233, 57224, and 324626
1880 John F. Kennedy Blvd.
Suite 1715
Philadelphia, PA 19103
(215) 438-6600
steve@steveharveylaw.com
mike@steveharveylaw.com
kelly@steveharveylaw.com

*Attorneys for Defendant Brian Sutherland*

Dated: March 16, 2023

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTORY STATEMENT .......................................................................................... 1

II. BACKGROUND ......................................................................................................... 3

III. ARGUMENT ............................................................................................................ 10

 A.  RULE 11 SANCTIONS ARE WARRANTED BECAUSE PLAINTIFF AND ITS COUNSEL FAILED TO CONDUCT A REASONABLE PRE-FILING INVESTIGATION AND DID NOT HAVE A REASONABLE BASIS TO BRING ITS CLAIMS AGAINST SUTHERLAND .............. 10

  1.  Prevailing Standards Governing Motions for Sanctions Under Rule 11 ................................................................................................. 10

  2.  Plaintiff and its Counsel Failed to Conduct *Any* Pre-filing Investigation as to Its Allegations Against Sutherland, Much Less a "Reasonable Investigation" ................................... 12

  3.  There Were No Time Constraints That Would in any Way Excuse or Ameliorate the Failure to Reasonably Investigate ... 13

  4.  Plaintiff and Its Counsel Violated Their Continuing Duty to Investigate After the Complaint Was Filed ........................... 14

CONCLUSION ................................................................................................................ 15

## TABLE OF AUTHORITIES

**CASES**     **Page(s)**

*Bensalem Township v. International Surplus Lines Ins. Co.*,
   38 F.3d 1303 (3d Cir.1994) ............................................................................... 11

*Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*,
   999 F.2d 745 (3d Cir.1993) ........................................................................... 11 n.7

*Cohen v. Kurtzman*,
   45 F. Supp.3d 423 (D.N.J. 1999) ....................................................................... 11

*Ellis v. Beemiller, Inc.*,
   287 F.R.D. 326 (W.D. Pa. 2012) ............................................................. 11 n.7, 13

*Gaiardo v. Ethyl Corp.*,
   835 F.2d 479 (3d Cir.1987) ............................................................................... 10

*Garr v. U.S. Healthcare, Inc.*,
   22 F.3d 1274 (3d Cir. 1994) .............................................................................. 10

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
   243 F.R.D. 322 (N.D. Iowa 2007) ................................................................ 11 n.7

*Keister v. PPL Corp.*,
   318 F.R.D. 247 (M.D. Pa. 2015) ....................................................................... 11

*Lukas v. Nasco Int'l, Inc.*,
   128 F.R.D. 619 (D.N.J. 1989) ........................................................................... 10

*Overcash v. Shelnutt*,
   2017 WL 4286524 (M.D. Fla. Aug. 10, 2017) ................................................. 12

*Project 74 Allentown, Inc. v. Frost*,
   143 F.R.D. 77 (E.D. Pa. 1992), *aff'd,* 998 F.2d 1004 (3d Cir. 1993) ............... 11

**STATUTES AND RULES**

Fed. R. Civ. P. 11 Advisory Committee Notes .................................................. 10, 11

Fed. R. Civ. P. 11(b) ................................................................................................ 10

I. **INTRODUCTORY STATEMENT**

This action consists of numerous state and federal claims against multiple defendants, all premised on their being formerly employed by Plaintiff CT Install America ("Plaintiff" or "Install America") and, following their employment with Plaintiff, going into business as Defendant Focal Point Remodeling, Inc. ("FPR") in direct competition against Plaintiff, either as owners of FPR or employees of FPR, using Plaintiff's confidential and proprietary information that Defendants allegedly took from Plaintiff.[1]

As with the claims against all of the individual defendants, the claims against Defendant Sutherland depend entirely on his being an employee of FPR. Compl. (ECF 1) ¶ 158 ("Sutherland left his employment on March 19, 2021, and is now employed by FPR, Inc., aiding [Defendants] Julian and Canci's direct competition with the Plaintiff...."). This is Install America's supposed basis for naming Sutherland as a defendant on all 13 counts of the Complaint, including alleged violations of federal law under the Defend Trade Secrets Act ("DTSA"), Computer Fraud and Abuse Act ("CFAA"), and the Racketeering Influenced and Corrupt Organizations Act ("RICO").

The problem for Plaintiff and its counsel is that Sutherland was *never* an employee of FPR as alleged, and has *never* taken the actions that he is alleged to have

---

[1] *See* Pl. Mem. in Supp. of Prelim. Inj. (ECF 30-1) at 2 ("As agents of FPR Inc., the Defendants have stolen and continuously misappropriated trade secrets...developed by Plaintiff"); *id.* at 3 ("These actions have unfairly accelerated FPR Inc.'s market performance, at the Plaintiff's expense."). *See also* Compl. ¶ 24 ("All named individual Defendants currently work for or are owners of Defendant FPR Inc."), *id.* ¶ 64 ("FPR Inc. is the employer of, or is owned by, *all* of the individually named Defendants.") (emphasis added); *id.* at 2 (preamble) (alleging that Sutherland and the other named defendants took illegal actions "for the benefit of their present employer, Defendant Focal Point Remodeling, Inc.").

taken ("for the benefit of" his alleged employer FPR or anyone else), as any reasonable pre-filing investigation as required by Rule 11 would have revealed. Sutherland avers definitively in his declaration (Rule 11 Mot. Ex. 1,[2] provided to Plaintiff on December 22, 2022), that *he* has *never* been employed by FPR in any capacity; that he has worked in the fitness and wellness industry since he left Install America (as was contemporaneously known to Install America); and that he has never improperly accessed or used any confidential or proprietary information belonging to Install America. *Id.* ¶¶ 2-3, 6, 13, 15. Since his resignation, Sutherland has, in fact, voluntarily helped Install America employees and officers by answering questions and providing technical assistance, and it is only in connection therewith that he has accessed Install America's computers, *at Install America's direct request and with its authorization*. *Id.* ¶¶ 4-5, 19-23.

Despite multiple reminders of these facts to its counsel, and despite providing its Rule 11 motion to Install America's counsel on December 22, 2022, Plaintiff has failed to withdraw the Complaint as against Sutherland, despite having withdrawn the Complaint against other named defendants. Subsequent discovery has only confirmed that Install America never had any reasonable basis for the averments against Sutherland in the Complaint. Sutherland therefore through this motion seeks an award of reasonable attorneys' fees and costs incurred in defending against this

---

[2] The Rule 11 motion filed herewith, including Exhibits 1-6, is identical to the one sent to Plaintiff's counsel on December 22, 2022. Exhibits to the Rule 11 motion are cited as "Rule 11 Mot. Ex. __," and are designated with numbers, e.g., "Rule 11 Mot. Ex. 2." Exhibits to Brian Sutherland's declaration (which is Rule 11 Mot. Ex. 1) are cited as "Sutherland Decl. Ex. __." This memorandum of law attaches additional exhibits, which are cited as "Mem. Ex. __."

2

baseless suit. Inasmuch as the baseless allegations of serious wrongdoing levelled by Plaintiff against Sutherland could cause Sutherland harm, the granting of this motion will enable Sutherland to advise anyone who asks him about the allegations (such as potential future employers) that the allegations were baseless as found by the Court.

## II. BACKGROUND

The background of this matter is set out in the accompanying motion and its attachments. To avoid redundancy, Sutherland sets forth herein mainly facts supplementary to that motion, including events that have taken place since December 22, 2022, when the motion was sent to Plaintiff's counsel.

The present Complaint,[3] signed by attorney Andrew W. Muir, named 16 defendants, including Sutherland (who was not named as a defendant in the state court case). It sets forth 13 counts under both federal law (the Defend Trade Secrets Act, the Computer Fraud and Abuse Act, RICO), and state law (including the Pennsylvania Uniform Trade Secrets Act, violation of restrictive covenants, breach of contract, breach of fiduciary duty, etc.) and seeks damages and broad injunctive relief against all defendants, including Sutherland.

---

[3] This is the second lawsuit that Plaintiff has filed based on the facts alleged in the present Complaint. The first, also seeking injunctive relief based on claims that FPR and its owners/employees misappropriated Plaintiff's confidential and proprietary information, was filed by Install America in Berks County state court on June 11, 2021. *See* Docket, Mem. Ex. A. Notably, Plaintiff did not name Sutherland as a defendant in that action. In that action, Install America took no paper discovery, deposed no witnesses, submitted no affidavits or statements, and failed move for an injunction. Plaintiff essentially abandoned its claims through inaction. After the case was pending nearly 17 months, Plaintiff, represented by the same counsel as in the present case, Andrew W. Muir, on November 10, 2022, voluntarily withdrew the complaint in the Berks County action and filed the Complaint in this action, along with his motion seeking a preliminary injunction, on the same day.

Install America directly alleges throughout its Complaint that Sutherland is employed by FPR. *Id.* ¶¶ 24, 64, 158. As explained more fully in the Declaration of Brian Sutherland, Rule 11 Mot. Ex. 1, Sutherland is not, nor has he ever been, employed by FPR. *Id.* ¶ 2. Since leaving Install America in March 2021, Sutherland has worked in the fitness and wellness industry for a company called Supersapiens. *Id.* ¶¶ 3, 6. Install America has been aware of that fact since that time. *Id.* ¶¶ 4-5.

Not only has Sutherland *not* worked against Plaintiff's interests or committed any other wrongs as alleged, *id.* ¶¶ 11-15, but since he left Plaintiff, he has repeatedly, at Plaintiff's request and without pay, aided the Plaintiff on technical issues. *Id.* ¶¶ 19-23. The only time that Sutherland potentially accessed some of Install America's digital systems was on occasions when he received contacts from employees of Install America seeking help with issues related to these systems. *Id.* ¶ 19.

As set forth more fully in the Rule 11 motion (at ¶¶ 9-18 & Rule 11 Mot. Exs. 2-4), both attorney Nancy Wolff and undersigned counsel repeatedly wrote Plaintiff's counsel Andrew Muir alerting him to the fundamental inaccuracies in the Complaint concerning Sutherland, and asked him to withdraw the Complaint against him. Those requests were refused. On December 22, 2022, Sutherland served on Plaintiff's counsel his intended Rule 11 motion, per Rule 11(c)(2). In accordance with that rule, Sutherland did not file his motion, instead granting Plaintiff 21 days at a minimum to withdraw the Complaint against Sutherland with prejudice. The 21-day period expired on January 12, 2023. The Complaint has not been withdrawn.

On January 21, 2023, Plaintiff filed a Notice of Dismissal (ECF 48) against Defendant David Snively and, on February 23, 2023, against three other named defendants: Cayce Bankert, Thomas Clattenburg, and David Faline. ECF 54, 56, 57.

Sutherland served his interrogatories and requests for production (Mem. Ex. B) on December 29, 2022. Sutherland's discovery requests broadly sought all information and evidence that Plaintiff had in support of the allegations made in the Complaint averring that Sutherland is was and is an employee of FPR, that he stole trade secrets from Install America and took other illegal actions as alleged, and that (as stated in Install America's counsel's December 14, 2022 10:17 a.m. email to Judge Smith's law clerk John Martin, Mem. Ex. C) "we have information that Mr. Sutherland hacked our client's databases and might have stolen information."

On the foundational issue regarding Plaintiff's contention that Sutherland is or ever was employed by FPR, Plaintiff responded as follows:

> …. Thomas Clattenburg indicated in his statement that Sutherland worked for or with FPR in some capacity. Further, Sutherland acknowledged to Tom McMillan that FPR representatives contacted him to attempt to recruit him while he was still working full time at Install America.
>
> In addition, Sutherland was identified by Clattenburg as the primary architect of Plaintiffs proprietary LEAP and LEAD PERFECTION programs. Faline confirmed that these programs were nearly identical to versions used by FPR. These programs were replicated by FPR for use by its employees almost immediately after FPR's founding. It is inconceivable that these programs could be replicated so quickly without Sutherland's cooperation.
>
> Statements by Clattenburg and Faline are being reviewed and verified by Clattenburg, Faline and will be provided to defense counsel after verification.

Mem. Ex. D, Interr. Resp. ¶ 1. The "statements" by Clattenburg and Faline are unsworn transcripts of telephone conversations between each of these now-dismissed defendants and Plaintiff's counsel. Mem. Exs. E, F. The transcripts reflect conversations that took place on December 8, 2022 (Clattenburg), and February 9, 2023 (Faline), i.e., they took place well *after* the Complaint was filed (on November 10, 2022) and therefore, by definition, cannot have served as any part of any pre-filing investigation by Plaintiff or its counsel.

Construing all possible inferences in Plaintiff's favor, Clattenburg told Muir that "the other day"—i.e., in 2023—he received hearsay information from the son of Install America's president, Matt McMillan, that Sutherland worked at FPR, that Clattenburg did not know whether that information was "true," and that Sutherland had some unspecified "ability" regarding LeadPerfection software. Mem. Ex. E, Tr. at 59-60. Sutherland is mentioned only one other time. *Id.* at 66. None of this information supports the allegations in the Complaint against Sutherland.

In Faline's transcript, he notes that he formerly worked at Install America as a window seller, and then worked at FPR for approximately four months. Mem. Ex. F, Tr. at 2-3, 17. Install America's attorney Andrew Muir did not ask Faline a single question about Sutherland, including whether he ever worked at FPR or had any involvement with its computer system.[4]

---

[4] Plaintiff also produced the transcript of a December 13, 2022 unsworn telephone conversation between Plaintiff's counsel and defendant Cayce Bankert (Mem. Ex. G), which does not refer to Sutherland at all; again, attorney Muir did not ask Bankert a single question about Sutherland.

6

In Sutherland's interrogatory No. 3, he requested that Plaintiff set forth all evidence supporting Plaintiff's claims against Sutherland. Plaintiff responded as follows:

> 1. Logs of database access show that Sutherland logged into Install America's system on multiple occasions after concluding his employment with Install America, specifically on February 23, 2022.
>
> 2. Text messages produced by Sutherland's counsel (filed as Document Number 38-1 in this matter) that Sutherland attempted to access the LEAD Perfection system in January 2022, causing Plaintiffs to disable his log-in information. These events took place after Sutherland was no employed with Plaintiff.
>
> 3. Interviews with Tom Clattenburg, David Faline and Cayce Bankert establish that the computerized systems customized by Sutherland during his employment at Install America, including LEAP and LEAD Perfection, and certain customer presentations, were replicated at Focal Point Remodeling almost immediately after Focal Point Remodeling opened. Because Sutherland was the primary architect of Install America's LEAP and LEAD Perfection systems, Focal Point could not have copied Install America's systems so expeditiously without Sutherland's cooperation.
>
> 4. Text messages show that Sutherland assisted Matt Cruz with erasing, or wiping, the contents of his company computer, as Cruz was leaving Install America. Cruz asked that Sutherland keep the information "between you and I."
>
> 5. Sutherland admits to having absconded with a cell phone belonging to Install America and declines to return it, despite multiple requests from Install America representatives.

Mem. Ex. D, Interr. Resp. ¶ 3.

None of this "evidence" demonstrates that Plaintiff's counsel did *any* pre-filing investigation before filing Plaintiff's complaint against Sutherland. Neither the "logs" referred to in response no. 1, nor the emails and text messages referred to in no. 2 (Sutherland Decl. Ex. G), evidence any unauthorized access by Sutherland to Install

7

America's database. To the contrary, they directly support Sutherland's statements in his declaration (with accompanying documentation in the form of text messages, emails, and voicemails) that, on multiple occasions after Sutherland left Install America, Install America personnel, including its President Tom McMillan, *requested that Sutherland access Install America's computer system in connection with requests for technical assistance. See, e.g.*, Sutherland Decl. Ex. G, at Sutherland000019, 26, 32, 48, 51, 57, 71, 87-88, 90, 103, 122, 126, 128; Rule 11 Mot. Ex. 5 at Sutherland00003738; Rule 11 Mot. Ex. 6.[5]

The "interviews" referenced in no. 3 (the transcribed phone conversations between Plaintiff's counsel and Bankert, Faline, and Clattenburg, Mem. Exs. E-G) all were conducted well after the Complaint in this matter was filed and could not have been part of any pre-filing investigation. Moreover, as explained *supra,* none supports any of the allegations in the Complaint against Sutherland.

The text messages referred to in no. 4 (Sutherland Decl. Ex. F, at Sutherland000153-000157) reflect only that an Install America employee, Matt Cruz, was leaving Install America and requested help in removing data from his personal computer, and *Sutherland declined to help*, suggesting only that Cruz "google it." Besides Sutherland's not providing any assistance to Cruz, the text messages also do not reflect that Cruz's request for technical help had anything to do with FPR.

---

[5] This specifically includes a request for help by McMillan to Sutherland on February 23, 2022, at 9:54 a.m. (text message stating: "Brian, is there any way you can give me a call this morning? I would like to discuss a few things. Tom") (Sutherland Decl. Ex. G, at Sutherland000128). This is the very date that response no. 1 states that Sutherland "logged into Install America's system." This date is, in fact, the *only* time that Sutherland's name appears in the "logs".

8

The information in no. 5, having to do with Sutherland's alleged "absconding" with a "cell phone belonging to" Install America and allegedly not returning it forms no basis of the allegations against Sutherland in the Complaint; there is not a single word in the Complaint about Sutherland's use of or "absconding with" a cell phone.

On March 7, 2023, Plaintiff's counsel took four depositions, of FPR employees Matt Blumberg, Alexx Biscuit, Ginger Stanley, and Carrie Sutherland. None of these depositions (obviously taken after the Complaint was filed, and therefore not part of any pre-filing investigation) offers any support for the allegations in the Complaint against Sutherland, including the most basic allegation that Sutherland is or was an employee of FPR.[6]

The parties agreed on Install America's counsel deposing Sutherland on March 16, 2020, but Plaintiff never sent a deposition notice. On March 15, 2020, Install America's counsel sent an email stating: "We are going to reschedule Defendant Sutherland's deposition for later this month. Notice to follow." Mem. Ex. I.

---

[6] While the deposition transcripts are not yet available, the following information is taken from the notes of attorney E. Kelly Conway, who attended the deposition on behalf of Sutherland. Matt Blumberg confirmed that Sutherland has *never* worked for FPR in any capacity. Alexx Biscuit testified that he does not know Brian Sutherland, and Plaintiff's counsel asked no further questions about Sutherland. Ginger Stanley testified that she knows who Sutherland is, but hasn't done work with him at FPR and last spoke with him when he was still at Install America. Carrie Sullivan testified that she knows Brian Sutherland, but that she does *not* know of Brian working for FPR, nor does she know anything about Brian helping FPR set up Leap Perfection.

9

## III. ARGUMENT

### A. RULE 11 SANCTIONS ARE WARRANTED BECAUSE PLAINTIFF AND ITS COUNSEL FAILED TO CONDUCT A REASONABLE PRE-FILING INVESTIGATION AND DID NOT HAVE A REASONABLE BASIS TO BRING ITS CLAIMS AGAINST SUTHERLAND.

#### 1. Prevailing Standards Governing Motions for Sanctions Under Rule 11.

Rule 11 provides that by signing a paper, in this case the Complaint, the signing attorney certifies, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that, *inter alia*, "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…." Fed. R. Civ. P. 11(b).

The Court determines the reasonableness of an inquiry by applying an objective standard. *See, e.g.*, *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1278 (3d Cir. 1994) (citation omitted). Under the objective standard, "the court must evaluate the signer's conduct 'by inquiring what was reasonable to believe at the time the pleading, motion, or other papers was submitted,' Advisory Committee Note, Rule 11 (1983 Amendment), under a standard of 'reasonableness under the circumstances,' *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987*).*" *Lukas v. Nasco Int'l, Inc.*, 128 F.R.D. 619, 623 (D.N.J. 1989). "No proof of subjective bad faith is required to levy sanctions." *Cohen v. Kurtzman*, 45 F. Supp.3d 423, 436 (D.N.J. 1999).

Rule 11 "imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir.1994). "The rule imposes on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.' It may be rephrased, 'Stop, Think, Investigate and Research' before filing papers either to initiate a suit or to conduct the litigation." *Keister v. PPL Corp.*, 318 F.R.D. 247, 256 (M.D. Pa. 2015) (internal quotations and footnotes omitted).[7]

Rule 11 sanctions can be imposed not only on an attorney who signs a pleading, but "on the party the signing attorney represents…." Fed. R. Civ. P. 11 Advisory Committee Notes. The standard for sanctioning a private party under Rule 11 is the same as the standard for sanctioning an attorney. *Project 74 Allentown, Inc. v. Frost*, 143 F.R.D. 77, 83 (E.D. Pa. 1992), *aff'd,* 998 F.2d 1004 (3d Cir. 1993).

> 2. **Plaintiff and its Counsel Failed to Conduct *Any* Pre-filing Investigation as to Its Allegations Against Sutherland, Much Less a "Reasonable Investigation."**

---

[7] The rule imposes a post-filing investigation requirement as well: "Rule 11 imposes upon attorneys an affirmative duty to conduct a reasonable investigation into the facts of a claim *both prior to filing suit and thereafter* in order to ensure that the assertions contained in each paper submission are made with reasonable belief that they are well-grounded in fact." *See Ellis v. Beemiller, Inc.,* 287 F.R.D. 326, 328 (W.D. Pa. 2012) (emphasis added) (citing *Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc.*, 999 F.2d 745, 751 (3d Cir.1993). *See also Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 342 (N.D. Iowa 2007) ("The duty of a party to assess the viability of a claim is not measured solely at the time that the claim was filed, but is a continuing one").

11

Under the above standards, Plaintiff and its counsel, Andrew W. Muir, manifestly should be sanctioned under Rule 11. "No reasonably competent attorney would believe it was appropriate to sue first and ask on what grounds later." *Overcash v. Shelnutt*, 2017 WL 4286524, at *3 (M.D. Fla. Aug. 10, 2017). Yet that is exactly what Plaintiff and his attorney clearly did. Plaintiff's interrogatory responses, in particular, which rely almost exclusively on "evidence" that post-dates the filing of the Complaint (including text messages produced by Sutherland in this litigation, and statements of dismissed defendants that were produced only recently), make plain that Plaintiff, prior to the filing of the Complaint, *never* had any evidence, or even information, to allege its main contentions in the Complaint against Sutherland, i.e., that he is or ever was employed by FPR, or that he ever, without authorization, accessed Install America's computer system for the purpose of aiding FPR. Indeed, the evidence (including the voicemail transcripts, text messages, and emails attached as Exhibits A, D, F, and G to Sutherland's Declaration) shows that Install America, particularly its owner Chris Slocomb and president Thomas McMillan, in fact *knew* that Sutherland, since leaving Install America, has been in the health and fitness business and *not* employed by FPR, Sutherland Decl. (Rule 11 Mot. Ex. 1) ¶¶ 4-6 & Ex. A; and *knew* that on the occasions Sutherland accessed Install America's computer system, he did so upon request by, and with the authorization of, Install America employees who wanted his technical assistance, *id.* ¶¶ 15-24 & Exs. F, G.

Regarding Plaintiff's allegations that Sutherland, as a part of the undifferentiated "Defendants," accessed Install America's computer system without

12

authorization, the "evidence" in support of this claim is again post-Complaint and, far from revealing a reasonable pre-filing investigation, reveals the opposite—that Install America had *no* information that Sutherland ever, after he left, accessed Install America's computer system without authorization.[8]

In short, any reasonable pre-filing investigation would have revealed that Plaintiff's allegations against Sutherland were entirely without factual basis; furthermore, Plaintiff's discovery responses, relying on post-filing "evidence" to justify its allegations against Sutherland, make ever clearer that Plaintiff and its counsel failed to conduct a reasonable pre-filing investigation.

### 3. There Were No Time Constraints That Would in any Way Excuse or Ameliorate the Failure to Reasonably Investigate.

Plaintiff and its counsel cannot assert that there were any time constraints that somehow excuse its failure to conduct a reasonable pre-filing investigation. *See Ellis v. Beemiller, Inc.,* 287 F.R.D. 326, 329 (W.D. Pa. 2012) (noting that a relevant factor for a court to consider in evaluating the sufficiency of an investigation into the facts of a complaint is the "*amount of time* the signing attorney had to conduct an investigation") (emphasis in original). As set forth in detail *supra*, the Bank and its counsel clearly filed a similar state court complaint against FPR and some of the same individual defendants (but not Sutherland) over a year prior to filing the complaint

---

[8] The spreadsheet attached to the Complaint as Exhibit S (ECF 3 at 2-28) shows no access by Sutherland to Plaintiff's computer system and, indeed, the Complaint fails to allege even a single instance of unauthorized access by Sutherland himself (while alleging many such instances regarding other named individual defendants, *see, e.g.* Compl. ¶¶ 193-227). The revised spreadsheet produced in discovery (i.e. after the Complaint was filed), Mem. Ex. H at 1, shows access by Sutherland on a single date, February 23, 2022, that the evidence makes clear was authorized, as it happened after Install America's president Tom McMillan sent Sutherland a text message requesting that Sutherland call him, clearly for technical assistance. Sutherland Decl. Ex. G at Sutherland000128.

13

in this Court. Plaintiff had ample time to consider whether it actually had a basis for any claim against Sutherland.

    **4.    Plaintiff and Its Counsel Violated Their Continuing Duty to Investigate After the Complaint Was Filed.**

As noted, the duty of Plaintiff and its counsel to conduct a reasonable investigation into its allegations against Sutherland did not end with the filing of the Complaint. *See id.* at 343 (noting that counsel's duty under Rule 11 to ensure that submissions to the court "contained assertions that were reasonably believed to be well-grounded in fact *continued* after he initiated suit") (emphasis in original). Here, as evidenced by Sutherland's Rule 11 Motion (submitted to Plaintiff on December 22, 2022), Plaintiff's discovery responses, and the depositions conducted, Plaintiff's claims against Sutherland, always without any factual basis, have gotten worse, not better, as this matter has progressed. Yet Plaintiff and his counsel, in the face of this, and always knowing the lack of any basis for its claims, continue to refuse to dismiss Sutherland from the lawsuit. This has obviously resulted in a great deal of otherwise unnecessary attorney time expended on Sutherland's behalf in defending the baseless claims against him.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should award, as relief for Plaintiff and his counsel's violation of Fed. R. Civ. P. 11(b)(3), that Plaintiff and his counsel pay all of Sutherland's reasonable counsel fees and costs incurred since the inception of this litigation.

                              Respectfully submitted,

                              **STEVE HARVEY LAW LLC**

                              By:   /s/ Stephen G. Harvey
                                    Stephen G. Harvey
                                    Michael E. Gehring
                                    E. Kelly Conway
                                    1880 John F. Kennedy Blvd.
                                    Suite 1715
                                    Philadelphia, PA 19013
                                    (215) 438-6600
                                    steve@steveharveylaw.com
                                    mike@steveharveylaw.com
                                    kelly@steveharveylaw.com

                              *Attorneys for Defendant Brian Sutherland*

Dated: March 16, 2023