IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CT INSTALL AMERICA, LLC,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 22-cv-4557 |
| | : | |
| **JULIAN BORYSZEWSKI, et al.,** | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**LYNNE A. SITARSKI**                                                                                                          **May 8, 2023**
**UNITED STATES MAGISTRATE JUDGE**

Presently before the Court is the Motion for Preliminary Injunction (ECF No. 30) of CT Install America, LLC (CT) and the responses in opposition thereto of Julian Boryszewski, individually and t/d/b/a Focal Point Remodeling, Inc., Focal Point Remodeling, Inc. (FPR), Jessica Boryszewski, Matthew Boryszewski, Nicholas Canci, Timothy Bodnar, and Carrie Sullivan (collectively, Responding Defendants) (ECF No. 37) and of Brian Sutherland (Sutherland) (ECF No. 38). For the following reasons, the Motion for Preliminary Injunction is **DENIED**.

**I.      RELEVANT PROCEDURAL HISTORY**

On June 11, 2021, CT sued FPR and several of the individual Defendants in this action in the Court of Common Pleas for Berks County, Pennsylvania, alleging violations of Pennsylvania's trade secrets statute, breach of contract (including provisions prohibiting competition, solicitation and disclosure) and fiduciary duty, and various other common-law claims and theories of liability. (*See generally* State Ct. Compl., ECF No. 37, Ex. A). The pleadings closed on September 7, 2021. (State Ct. Dkt., ECF No. 37, Ex. C at 2). On November

10, 2022, CT withdrew the complaint without prejudice, with the docket showing no other activity of note.  (*Id.* at 1-2).

On November 10, 2022, CT initiated this federal action by filing a complaint alleging violations of federal and Pennsylvania trade secrets statutes, the federal Computer Fraud and Abuse Act, and the federal Racketeering Influenced and Corrupt Organizations Act; breach of contract (including provisions prohibiting competition, solicitation and disclosure) and fiduciary duty; and various other common-law claims and theories of liability.[1]  (*See generally* Compl., ECF No. 29).  It filed the instant motion for preliminary injunctive relief on November 15, 2022.  (Mot. for Prelim. Inj., ECF No. 30).  On December 23, 2022, Responding Defendants and Sutherland filed their respective oppositions to the motion.  (Responding Defs.' Opp., ECF No. 37; Sutherland's Opp., ECF No. 38).  This matter was randomly assigned to me on April 5, 2023, pursuant to the consent of the parties.  (Consent Order, ECF No. 65).  CT's motion is fully briefed and ripe for disposition.

## II.     RELEVANT FACTS

CT and FPR are in the bathroom remodeling business.  (Prelim. Inj. Memo., ECF No. 30-1, at 2; Responding Defs.' Opp., ECF No. 37, at 3).  The individual Defendants are former employees of CT.  (Prelim. Inj. Memo., ECF No. 30-1, at 2-3; Responding Defs.' Opp., ECF No. 37, at 2).  According to CT, beginning in the fall of 2020 and continuing well into 2021, both during and after their employment with CT, the individual Defendants misappropriated its trade

---

[1] Both the complaint and the motion were originally filed under seal, but Plaintiff subsequently refiled both documents unsealed and redacted.  The Court cites to these unsealed documents throughout this Memorandum.  (Compl., ECF No. 29; Mot. for Prelim. Inj., ECF No. 30).

secrets and other confidential proprietary information to launch and/or work for FPR, a direct competitor, notwithstanding non-competition, non-solicitation, and non-disclosure provisions in their respective employment agreements.  (Prelim. Inj. Memo., ECF No. 30-1, at 1-3, 7-44).  CT alleges that FPR and the individual Defendants have continued to use the ill-gotten trade secrets to solicit CT's active and prospective customers, hire away its employees, poach its building materials suppliers, and misrepresent itself as CT's successor.  (*Id.* at 3).  It claims that Defendants' actions threaten it with irreparable harm, including lost customer good will and employee morale, and that a preliminary injunction is required to maintain the status quo while this matter proceeds to trial.  (*Id.* at 3-4).

### III.   LEGAL STANDARD

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances."  *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).  To prevail on a motion for preliminary injunctive relief, the moving party must demonstrate that each of the following factors favors the requested relief: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest.  *Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (quoting *Kos Pharms., Inc.*, 369 F.3d at 708); *McNeil Nutritionals, LLC v. Heartland Sweeteners*, 511 F.3d 350, 356-57 (3d Cir. 2007) (quoting *Shire U.S. v. Barr Labs., Inc.,* 329 F.3d 348, 352 (3d Cir. 2003)).

The burden lies with the moving party to establish every element in its favor. *P.C. Yonkers, Inc. v. Celebrations, the Party & Seasonal Superstore, LLC.*, 428 F.3d 504, 508 (3d Cir. 2005). An injunction cannot issue if either of the fundamental requirements—likelihood of success on the merits and probability of irreparable harm if relief is not granted—are absent. *McKeesport Hosp., v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523 (3d Cir. 1994).

**IV.   DISCUSSION**

Responding Defendants and Sutherland argue that CT's delay in seeking a preliminary injunction demonstrates that it will *not* suffer irreparable harm if the requested relief is refused. (Responding Defs.' Opp., ECF No. 37, at 7-11; Sutherland's Opp., ECF No. 38, at 13). The Court agrees and therefore denies CT's motion.

To obtain a preliminary injunction, a plaintiff must make a "clear showing of *immediate* irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis added). Such a showing is necessary because "preliminary injunctions are generally granted under the theory that there is an *urgent* need for *speedy* action to protect the plaintiff[']s[ ] rights." *Lanin v. Boro. of Tenafly*, 515 F. App'x 114, 117-18 (3d Cir. 2013) (quoting *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985)) (emphasis added). Therefore, "[d]elay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action." *Id.* at 118 (quoting *Citibank, N.A.*, 756 F.2d at 275).

Here, Petitioner was aware of its claims since at least June 2021, when it filed a similar complaint and demand for injunctive relief in state court, alleging much of the same misconduct against many of the same defendants as in the instant complaint and motion. (*See generally*

State Ct. Compl., ECF No. 37, Ex. A).  Indeed, as Sutherland notes, CT's federal court filings merely expand upon its original state court complaint, adding additional defendants and federal claims.  (*Compare id. with* Compl, ECF No. 29, *and* Prelim. Inj. Memo., ECF No. 37-1).  However, as is evident from the state court docket, CT never meaningfully pressed its claims in that venue, such as by moving for the preliminary injunction it now seeks. (State Ct. Dkt., ECF No. 37, Ex. C; *see also* Responding Defs.' Opp., ECF No. 37, at 6 (noting that Plaintiff also did not take any discovery or engage in any settlement negotiations)).  Instead, it simply withdrew its claims 17 months after first bringing suit and only then formally moved for injunctive relief in this Court.  CT offers no explanation for this 17-month delay.  (*See generally* Prelim. Inj. Memo., ECF No. 30-1).

  Courts in this circuit have repeatedly held that unexplained delays of similar duration are inconsistent with the showing of immediate irreparable harm necessary to obtain a preliminary injunction.  *See Lanin*, 515 F. App'x at 118 (a two-year delay in moving for a preliminary injunction was "sufficient proof" that no risk of immediate irreparable harm was present); *Smart Commc'ns Holding, Inc. v. Global Tel-Link Corp.*, No. 1:21-CV-01708, 2022 WL 1049319, at *7 (M.D. Pa. Apr. 7, 2022) ("a delay of almost nine months in bringing this lawsuit and a delay of almost 13 months from the underlying conduct before the request for injunctive relief was made" were too extensive to show irreparable harm where "notably absent from the reply brief [was] any explanation for the delay"); *Am. Hypnotherapy Soc'y, LLC v. ABC Cap. Invest., LLC*, No. 19-6116, 2020 WL 8116165, at *1 n.1 (E.D. Pa. July 7, 2020) (rejecting request for preliminary injunction where the plaintiffs did "not explain their apparent delay" of three years in filing suit and of an additional six months "in seeking equitable relief for what they purportedly believe is imminent irreparable harm"); *Rogers v. Gentex Corp.*, No. 3:16-CV-

00137, 2016 WL 4708004 at *14 n.2 (M.D. Pa. Sep. 8, 2016) (a six-month delay between filing the complaint and moving for preliminary injunctive relief factored against a finding of irreparable harm); *Profoot, Inc. v. MSD Consumer Care, Inc.*, No. 11-7079, 2012 WL 2262904 (D.N.J. June 14, 2012) (finding no irreparable harm due to a three-month delay in moving for a preliminary injunction); *Pharmacia Corp. v. Alcon Labs, Inc.*, 201 F. Supp. 2d 335, 383-84 (D.N.J. 2002) (a one-year delay "knock[ed] the bottom out of any claim of immediate and irreparable harm"); *New Dana Perfumes Corp. v. The Disney Store, Inc.*, 131 F. Supp. 2d 616, 630 (M.D. Pa. 2001) ("In this case, there is an unexplained delay of two months in presenting a cease and desist letter, and another unexplained delay of five months in moving for injunctive relief. Under the circumstances, plaintiffs' delay, alone, precludes a finding of irreparable harm, and therefore warrants denial of the preliminary injunction motion . . . ."); *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 312-13 (E.D. Pa. 1993) ("Clearly plaintiff's own [50-day] delay in filing the motion shows that irreparable harm . . . is not imminent as is required for a preliminary injunction."); *Skehan v. Bd. of Tr. of Bloomsburg State Coll.*, 353 F. Supp. 542, 543 (M.D. Pa. 1973) (because "Plaintiff did not file this action until nearly two years after the events which gave rise to his complaints," relief was denied because a "preliminary injunction is based upon an urgent need for the protection of Plaintiff's rights, [and] a long delay in seeking relief indicates that speedy action is not required") (citing cases involving delays of seven and a half months, one year, and four years).[2]

---

[2] Plaintiff cites *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244 (3d Cir. 1985) for the proposition that the "relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued," but this case is distinguishable. First, in that case the plaintiff had made an "ample showing" that the defendants intended to utilize its trade secrets, but no similar showing has been made in this case. (Prelim. Inj. Memo., ECF No. 30-1, at 65 (quoting *SI Handling Sys.*, 753 F.2d at 1264)). Second, the seven-month delay in that case was not unexplained insofar as the plaintiff attributed it to the

Moreover, no hearing is necessary in this matter because the unexplained delay is apparent from the parties' submissions, including the state court docket and complaint attached to Responding Defendants' opposition. (*See* State Ct. Compl., ECF No. 37, Ex. A; State Ct. Dkt., ECF No. 37, Ex. C); *see also Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3d Cir. 1990) ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits *or the contention of irreparable harm*.") (emphasis added); *Am. Hypnotherapy Soc'y, LLC*, 2020 WL 8116165, at *1 n.1 (denying motion for preliminary injunction because of delay, without a hearing); *Smart Commc'ns Holding, Inc.*, 2022 WL 1049319, at *8 (same); *Ultimate Trading Corp. v. Daus*, No. 07-4203, 2007 WL 3025681, at *3 (D.N.J. Oct. 15, 2007) (denying motion for preliminary injunction without a hearing where "Plaintiff waited three months before commencing the instant cause of action . . . and five months before filing the instant application for injunctive relief" and "fail[ed] to provide any explanation, whatsoever, for this delay"); 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 65.21[4]-[5] (Matthew Bender 3d ed.) ("A hearing on the merits of the preliminary injunction is thus usually required only when a dispute exists between the parties as to the material facts. . . . [W]hen the record before the court permits it to conclude that there is no factual dispute that must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."); 11A MARY KAY KANE, FEDERAL PRACTICE & PROC. CIV. § 2692 (4th ed.) ("[P]reliminary injunctions are denied without a hearing, despite a request for one by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.").

---

defendants' failure to comply with their discovery obligations. *Id.* at 1264. Here, it is undisputed that CT never issued any discovery requests during the 17 months that its state court complaint remained pending.

7

Because Plaintiff's unexplained 17-month delay in seeking a preliminary injunction shows that it will not suffer immediate irreparable harm if it does not receive the requested relief, the Court denies Plaintiff's motion.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is denied.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge