IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CT INSTALL AMERICA, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 22-cv-4557 |
| | : | |
| JULIAN BORYSZEWSKI, et al., | : | |
| Defendants. | : | |

MEMORANDUM

**SITARSKI, M.J.**                                                                                             **October 25, 2024**

Pending before the Court is Plaintiff's Motion for Sanctions Against Defendants[1] Represented by Michael Monsour, Against Michael Monsour as Counsel, and Kozloff Stoudt as Counsel's Law Firm (ECF No. 101), Defendants' response (ECF No. 102), and Plaintiff's reply (ECF No. 106). For the following reasons, the motion will be **DENIED WITHOUT PREJUDICE**.

I.   **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[2]

On July 24, 2023, Plaintiff filed a motion for leave to amend its complaint and, as a separate submission, the amended complaint itself. (Mot. to Am., ECF No. 80; Am. Compl., ECF No. 81). Defendants moved to strike the latter filing, arguing, *inter alia*, that Plaintiff had failed to obtain their consent or leave from the Court before filing and that, moreover, the

---

[1] For purposes of this motion, "Defendants" shall refer to Julian Boryszewski, Focal Point Remodeling, Inc., Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Alexx Biscuit, Timothy Bodnar, David Snively, Carrie Sullivan, and Matthew Blumberg, as well as their counsel, Michael Mansour and Kozloff Stoudt.

[2] For additional facts, see the Court's May 8, 2023 Memorandum denying Plaintiff's Motion for Preliminary Injunction. (Memo., ECF No. 69).

pleading requested preliminary injunctive relief already denied Plaintiff at an earlier stage of the proceedings. (Mot. to Strike, ECF No. 82). On August 11, 2023, the Court denied without prejudice Plaintiff's motion to amend, as well as Defendants' previously filed motion for judgment on the pleadings, and granted Defendants' motion to strike. (Order, ECF No. 86).

Plaintiff renewed its motion on August 16, 2023, and on August 29, 2023, Defendants filed another opposition, contending that Plaintiff had failed to file a supporting brief as required by Local Rules, repeating its argument that the proposed pleading sought relief already rejected, and reasserting several substantive arguments raised in its prior motion for judgment on the pleadings. (Sec. Mot. to Am., ECF No. 87; Resp. to Sec. Mot. to Am., ECF No. 89). The following day Plaintiff filed the missing brief in support. (Memo. in Supp. of Sec. Mot. to Am., ECF No. 90). On September 13, 2023, Defendants filed another response incorporating their original response as a response to Plaintiff's most recent filing, and Plaintiff filed a reply. (Resp. to Memo. in Supp. of Sec. Mot. to Am., ECF No. 91; Reply in Supp. of Sec. Mot. to Am., ECF No. 92). Plaintiff filed another supporting memorandum the next day. (Sec. Memo. in Supp. of Sec. Mot. to Am., ECF No. 93). On March 8, 2024, the Court granted the motion to amend, and Plaintiff filed its amended complaint on March 13, 2024. (Order, ECF No. 94; Am. Compl., ECF No. 95). On March 28, 2024, Defendants filed an answer and affirmative defenses to the amended complaint. (Answer, ECF No. 96).

On May 30, 2024, Plaintiff filed the instant motion for sanctions. (Mot. for Sanctions, ECF No. 101). Defendants filed a response on June 10, 2024, and Plaintiff filed its reply on June 28, 2024. (Resp. to Mot. for Sanctions, ECF No. 102; Reply in Supp. of Mot. for Sanctions, ECF No. 106).

## II.   LEGAL STANDARDS[3]

### A.   Federal Rule of Civil Procedure 11

Rule 11 provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). "If warranted, the court may award to the prevailing party the reasonable expenses, including fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

In deciding whether to impose Rule 11 sanctions, a court must assess whether the conduct was reasonable under the circumstances. *Bus. Guides, Inc. v. Chromatic Commc'ns Ents., Inc.*, 498 U.S. 533, 551 (1991); *see also Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010), *as amended* (Dec. 7, 2010). The Third Circuit defines reasonableness as "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990)). Sanctions should be imposed only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous."

---

[3] In addition to the legal standards set forth below, this Court has "the inherent power to sanction." *Cintron Beverage Group, LLC v. Depersia*, No. 07-3043, 2008 WL 1734184, at *2 (E.D. Pa. 2008). "[T]he Third Circuit has explained that sanctions imposed pursuant to the Court's inherent power also require a finding of bad faith in most instances." *Id.* (citing *In re Prudential Ins.*, 278 F.3d 175, 181 (3d Cir. 2002)).

*Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quoting *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); *see also Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) ("Rule 11 sanctions may be awarded in exceptional circumstances in order to 'discourage plaintiffs from bringing baseless actions or making frivolous motions.'"). Moreover, Rule 11 sanctions are "normally . . . determined at the end of litigation . . . ." *Asch Webhosting, Inc. v. Adelphia Bus. Sols. Inv., LLC*, No. 04-2593, 2006 WL 1098235, at *16 (D.N.J. Mar. 31, 2006) (quoting *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998)).

    **B.**    **28 U.S.C. § 1927**

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

To violate § 1927, an attorney must be found to have: "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008); *LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C. XXIII*, 287 F.3d 279, 288 (3d Cir. 2002) (citing *In re Prudential Ins.*, 278 F.3d 175, 188 (3d Cir. 2002)). A party seeking an award of attorney's fees under § 1927 bears a heavy burden. "Courts should exercise [discretion to award § 1927 sanctions] only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986) (citations omitted). The Third Circuit has held that "'sanctions may not be imposed under

4

§ 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal.'" *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) (quoting *LaSalle*, 287 F.3d at 289). The attorney's conduct "must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Baker Indus., Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985) (citation omitted).

"A district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford*, 790 F.2d at 347 (citing *Baker*, 764 F.2d at 210). Further, "once a finding of bad faith has been made, the appropriateness of assessing attorneys' fees against counsel under section 1927 is a matter for the district court's discretion." *Id.* In exercising its discretion, the court "must balance the equities between the parties and may award attorney's fees whenever overriding considerations indicate the need for such a recovery." *Id.* In essence, the court is free, upon determining the existence of bad faith, to either grant or deny the imposition of fees and expenses. Additionally, a decision to deny fees may be based on a finding that both parties acted in bad faith. *Perichak v. Inter'l Union of Elec. Radio & Machine Workers, Local 601, AFL-CIO*, 715 F.2d 78, 80 n.5 (3d Cir. 1983).

### III.   DISCUSSION

#### A.   Federal Rule of Civil Procedure 11

Quoting the advisory committee notes to Federal Rule of Civil Procedure 11, Defendants point out that the imposition of sanctions is disfavored at the pleading stage:

> The time when sanctions are to be imposed rests in the discretion
> of the trial judge. However, it is anticipated that in the case of

> pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . .

(Resp. to Mot. for Sanctions, ECF No. 102, at 8 (quoting F.R.C.P. 11 advisory committee notes to 1983 amendment; citing *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998))). They contend that this principle is particularly applicable here where Plaintiff seeks sanctions simply on the basis of Defendants' responsive pleading to its 476-paragraph amended complaint, prior to the completion of discovery or any pertinent findings of fact.[4] (*Id.*).

Plaintiff responds that no discovery or factfinding is required to find Defendants' contradictory statements in its pleading sanctionable. (Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 3). Also quoting from the advisory committee notes to Rule 11, it acknowledges that the rule "leaves for resolution on a case-by-case basis, considering the particular circumstances involved," the question of "when, if filed, [a sanctions motion] should be decided," but that "ordinarily" the motion should be "*served promptly*" following the offending filing. (*Id.* (quoting F.R.C.P. 11 advisory committee notes to 1993 amendment) (emphasis added)). It adds that these notes urging prompt service of a Rule 11 motion are consistent with the law of our and other circuit courts of appeals stating that such motions should be filed "as soon as practicable" after the sanctionable conduct has occurred. (*Id.* at 3-4 (quoting *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992); citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 99-100 (3d Cir. 1988); 5A Wright, Miller & Kane, Federal Practice & Procedure §

---

[4] The parties also dispute whether the Federal Trade Commission's new regulation purporting to ban the inclusion of non-compete clauses in the employment contracts of workers other than senior executives impacts whether the Court should address Plaintiff's motions on the merits at present. (Resp. to Mot. for Sanctions, ECF No. 102, at 11; Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 11); *see also* 16 C.F.R. § 910.2. However, on August 20, 2024, during the pendency of the instant motion, this regulation was set aside and held unenforceable, and accordingly it plays no role in the Court's decision. *Ryan, LLC v. Fed. Trade Comm'n*, No. 3:24-CV-00986-E, 2024 WL 3879954, at *14 (N.D. Tex. Aug. 20, 2024).

1337)).

When faced with a prior Rule 11 motion filed by Defendant Brian Sutherland, Plaintiff argued that it should be dismissed "[i]n the interim" "to allow Sutherland's defenses to be evaluated by a fact finder" and discovery to continue.  (Resp. to Sutherland's Mot. for Sanctions, ECF No. 73, at 16).  This Court agreed, denying Sutherland's motion without prejudice because, as Defendants observe in their response to the instant motion, "Rule 11 sanctions are 'normally . . . determined at the end of litigation . . . .'"  (Memo., ECF No. 77, at 4 (quoting *Asch Webhosting, Inc. v. Adelphia Bus. Sols. Inv., LLC*, No. 04-2593, 2006 WL 1098235, at *16 (D.N.J. Mar. 31, 2006) (internal citation omitted)));  *see also Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (same) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)); *Magerman v. Mercer*, No. 17-cv-3490, 2018 WL 684806, at *4 (E.D. Pa. Feb. 2, 2018) (same) (citations omitted).  However, Plaintiff now claims that Sutherland's motion was distinguishable because it focused on "whether his inclusion was based upon a reasonable inquiry of the facts" and at that point "there [ ]was no record to support" his request for sanctions.  (Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 3-4 (citations omitted)).  But Plaintiff's Rule 11 motion, like Sutherland's before it, directly places at issue the reasonableness of a litigation adversary's pre-filing investigation.  (*See* Br. in Supp. of Mot. for Sanctions, ECF No. 101-1, at 8-10 (subsection with the heading, "Any Conceivable Pre-Filing Inquiry Regarding Defendants' Answer is Necessarily Unreasonable Given the Answer's Deficiencies")).  And "the record" upon which Plaintiff's motion is based (i.e., Plaintiff's amended complaint and Defendants' responsive pleading) parallels the one before the Court when Sutherland filed his motion for sanctions (i.e., Plaintiff's original complaint and Sutherland's responsive pleading).

Nonetheless, pointing to a few district court cases in which courts have used Rule 11 to

strike affirmative defenses, Plaintiff now asks this Court, solely on the basis of the pleadings between the parties, to deem admitted 34 alleged facts set forth in the amended complaint and to strike every last one of Defendants' 28 affirmative defenses. (Proposed Order, ECF No. 101-3; *see also* Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 7-11 (citations omitted)). But "Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829-30 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). As applicable here, it is not "properly used to sanction the inappropriate filing of papers where other rules more directly apply." *Id.* at 830; *see* 2 Moore's Federal Practice - Civil § 11.02[8] ("When specific provisions of other rules or statutes are directly applicable to particular misconduct that is more generally covered by Rule 11, it is preferable to use the more specifically tailored provisions in determining whether to impose sanctions.") (citing *Zaldivar* and *Boland Marine & Mfg. Co. v. Rhiner*, 41 F.3d 997, 1003-04 (10th Cir. 1995)). The Ninth Circuit Court of Appeals has explained:

> For example, excessive discovery requests should be dealt with under Rule 26(g) rather than Rule 11, and the filing of inappropriate affidavits in support of, or in opposition to, motions for summary judgment should be dealt with under Rule 26(g) rather than Rule 11, and the filing of inappropriate affidavits in support of, or in opposition to, motions for summary judgment should be considered under Rule 56(g), rather than Rule 11. To apply Rule 11 literally to all papers filed in the case, including those which are the subject of special rules, would risk the denial of the protection afforded by those special rules. *See Chipanno v. Champion International Corp.*, 702 F.2d 827, 831 (9th Cir. 1983).

*Id.*

Here, Plaintiff seeks to utilize the general language of Rule 11(c)(2) and (4) permitting the Court to impose "an appropriate sanction," including "nonmonetary directives," to strike Defendants' defenses and deem admitted many of its own factual allegations rather than proceed

8

under Rule 12(f) authorizing the Court strike "an insufficient defense" or the request for admission procedure set forth in Rule 36. *See* F.R.C.P. 12(f), 36. Having ignored these rules as grounds upon which to move, Plaintiff suggests in its reply that the Court could, nonetheless, strike portions of Defendants' pleadings "on its own" pursuant to Rule 12(f)(1). (Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 8). But the Court's authority to take action, *sua sponte*, under this rule is not a substitute for Plaintiff to move under applicable rules and brief their arguments pursuant to the governing legal standards.

Because "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation," *see* F.R.C.P. 11 advisory committee notes to 1983 amendment, and because "other rules more directly apply," *see Zaldivar*, 780 F.2d at 830, the Court declines to issue sanctions at this time pursuant to Rule 11.

B.   28 U.S.C. § 1927

The fact that Plaintiff also moves for monetary sanctions against Monsour and his law firm pursuant to 28 U.S.C. § 1927 does not change the Court's analysis. Even before considering alleged bad faith, a threshold consideration for an award of costs and fees under this statute is that attorneys have "multiplied proceedings[,] . . . thereby increasing the cost of the proceedings . . . ." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d at 101. But it is by no means clear at this stage of the proceedings that this has occurred. According to Plaintiff, Defendants, through their attorneys, have proliferated proceedings via: (1) their "frivolous opposition to Plaintiff's routine amendment of its Complaint" and (2) filing an answer to the amended complaint containing contradictory admissions and denials and unfounded affirmative defenses. (Br. in Supp. of Mot. for Sanctions, ECF No. 101-1, at 3). The Court considers these instances of purportedly sanctionable conduct in turn.

1.      **Opposition to Amending Complaint**

a.      **First Motion for Leave to Amend**

Plaintiff complains that Defendants "reflexively opposed" its initial attempt to amend its complaint, via a motion to strike, based on "an alleged procedural error" and the fact that the pleading sought "preliminary" injunctive relief that the Court had already rejected when it denied Plaintiff's motion for a preliminary injunction. (*Id.* at 4; *see also* Order, ECF No. 70). Plaintiff's decision to move on this basis is perplexing given that the Court ruled in Defendants' favor as to both Plaintiff's motion for leave to amend and Defendants' motion to strike. (Order, ECF No. 86). As Defendants correctly pointed out in that motion, Plaintiff filed the amended complaint outside of the 21-day window for amending as a matter of course without first obtaining leave of court or its adversaries' written consent, as required by Federal Rule of Civil Procedure 15(a)(2). (Mot. to Strike, ECF No. 82, at 5). Also citing Rule 12(f), they pointed out that the amended complaint continued to seek preliminary injunctive relief throughout the pleading despite the Court's having already refused to award such relief. (*Id.* at 9). There was nothing improper, let alone sanctionable, about Defendants' insistence that Plaintiff comply with applicable procedural rules. Accordingly, no relief is due on the proffered basis.

b.      **Second Motion for Leave to Amend**

Plaintiff next contends that sanctions are warranted because Defendants lacked "a plausible legal basis" to oppose its second motion for leave to amend, which the Court ultimately granted. (Br. in Supp. of Mot. for Sanctions, ECF No. 101-1, at 4). It accuses Defendants of "seiz[ing] upon" Plaintiff's "clerical error" and the resulting "confusion" that led to its brief in support of the motion "appear[ing] as though it was not filed" therewith and then opposing the brief as late once it was eventually filed. (*Id.* at 4-5). It claims that Defendants' opposition to

the second motion was also replete "with moot arguments from their premature Motion for Judgment" and points out that, this time, the Court granted its motion. (*Id.* (quoting Order, ECF No. 94)). However, as explained in that Order, at the time that Defendants filed their initial opposition, Plaintiff had not yet filed its supporting brief to the docket for this case, as required by Local Rule 7.1. (Order, ECF No. 94). Plaintiff subsequently corrected this mistake, but Defendants' observation in its second opposition that the brief "was not timely filed," while acknowledging that the Court nonetheless "may choose to consider" it, hardly constitutes sanctionable conduct. (Resp. to Sec. Mot. to Am., ECF No. 89, at 1). Nor does their rearguing defenses raised in their motion for judgment on the pleadings, which was rejected without prejudice. (Order, ECF No. 86). Indeed, although Plaintiff repeatedly claims that these arguments are "moot," the grounds for this assertion are unclear, particularly where the Court expressly stated that it was simply deferring ruling on these substantive challenges to Plaintiff's pleading in light of the early procedural stage. (*Id.*). Therefore, the Court declines to enter sanctions on the basis of Defendants' opposition to Plaintiff's second motion for leave to amend.

### 2. Answer and Affirmative Defenses to the Amended Complaint

According to Plaintiff, Defendants' pleading is replete with "statements which either deny previously admitted facts, admit previously denied facts, or deny facts admitted elsewhere within their Answer," including affirmative defenses "which are either a thinly-veiled prejudicial statement, an outright misrepresentation, or a position precluded by prior statements." (Br. in Supp. of Mot. for Sanctions, ECF No. 101-1, at 7). On this basis, it accuses Defendants of "multiply[ing] these proceedings" and predicts that their allegedly deficient pleading, "if not remedied, [is] likely to frustrate the discovery process." (*Id.* at 14; Reply in Supp. of Mot. for Sanctions, ECF No. 106, at 4). Yet Plaintiff fails to explain how this has happened thus far.

Indeed, this Court has recently ordered Defendants to produce full and complete responses to Plaintiff's discovery requests and is in the process of determining the appropriate fee award due to Defendants' noncompliance with their discovery obligations, pursuant to Rule 37(a)(5)(A). (Order, ECF No. 115).  Moreover, § 1927 permits only "excess costs, expenses, and attorneys' fees reasonably *incurred* because of such [unreasonable and vexatious] conduct."  28 U.S.C. § 1927 (emphasis added).  Such an inquiry is naturally backward-looking: the Court cannot award, let alone quantify, fees under § 1927 simply because Plaintiff anticipates that it is "likely" that it will incur additional ones at some future point due to its adversaries' litigation conduct.  Thus, the Court rejects Plaintiff's request for monetary sanctions against Monsour and Kozloff Stoudt at this time.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is DENIED WITHOUT PREJUDICE.

An appropriate Order follows.

BY THE COURT:

    /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge