IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CT INSTALL AMERICA, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 22-cv-4557 |
| | : | |
| JULIAN BORYSZEWSKI, et al., | : | |
| Defendants. | : | |

MEMORANDUM

**SITARSKI, M.J.**                                                                                   **October 29, 2024**

Presently pending before the Court is Plaintiff's request for attorneys' fees pursuant to the Court's October 1, 2024 Order granting Plaintiff's Second Motion to Compel Full and Complete Discovery Responses, as well as Defendants'[1] objections to Plaintiff's request. For the reasons that follow, the Court awards Plaintiff $7,560.00 in fees, payable to Plaintiff by Michael Monsour, Esquire, within 60 days.

I.   **RELEVANT BACKGROUND**[2]

On July 25, 2024, Plaintiff filed the motion to compel and a supporting brief, and on August 6, 2024, Defendants filed their response. (Sec. Mot. to Compel, ECF No. 107; Resp., ECF No. 108). On August 19, 2024, Plaintiff filed a reply. (Reply, ECF No. 109). On October 1, 2024, the Court granted Plaintiff's motion in full and directed it to submit documentation

---

[1] For purposes of this motion, "Defendants" shall refer to Julian Boryszewski, Focal Point Remodeling, Inc., Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Alexx Biscuit, Timothy Bodnar, David Snively, Carrie Sullivan, and Matthew Blumberg.

[2] For additional background, see the Court's May 8, 2023 Memorandum denying Plaintiff's Motion for Preliminary Injunction. (Memo., ECF No. 69).

within seven days of its reasonable fees and expenses incurred in making the motion, with Defendants to submit a response thereto, if they so chose, within seven days.  (Order, ECF No. 115).  On October 8, 2024, counsel Plaintiff submitted its unfiled letter-request, and one week later, Defendants submitted their objections thereto.

II.     **LEGAL STANDARD**

If a party against whom a motion to compel is granted failed to produce requested discovery without substantial justification after a good faith by the movant to obtain the same, and circumstances do not otherwise render a fee award unjust, the court must, pursuant to Rule 37(c)(1), order, *inter alia*, "payment of the reasonable expenses, including attorney's fees, caused by the failure."  F.R.C.P. 37(c)(1)(A).  District courts retain "broad discretion" in fashioning appropriate sanctions under Rule 37.  *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006), but any sanctions must be "just."  *Estate of C.I.R.*, 41 F.3d 103, 111 (3d Cir. 1994).

The court assesses the reasonableness of the requested attorney's fees by applying the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  It is initially the burden of the prevailing to party to demonstrate the reasonableness of the claimed rate and the hours spent.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Shanea S. v. Sch. Dist. of Phila.*, No. 12-1056, 2014 WL 2586940, at *1 (E.D. Pa. June 10, 2014).  The burden then shifts to the party opposing the fee request to make specific objections to the rate and hours.  *Rode*, 892 F.2d at 1183.  In considering objections, the court has significant discretion to adjust the fees and costs downwards.  *Id*.  However, the court cannot decrease the award *sua sponte*.  *Jackson Hewitt Inc. v. Nat'l Tax Network, LLC*, No. 10-

2

5912, 2015 WL 5770089, at *4 (D.N.J. Sept. 29, 2015) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party.")).

The resulting lodestar is presumed reasonable. *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). Nevertheless, the Court has a "positive and affirmative function in the fee fixing process" and should exercise its discretion to exclude unreasonable hourly rates and hours in light of the results obtained. *Maldonado*, 256 F.3d at 184; *see also Elizabeth S. v. Sch. Dist. of Philadelphia*, No. 11-1570, 2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) ("[O]nce the lodestar has been calculated, the court may adjust it downward in light of the results obtained.") (citing *Hensley,* 461 U.S. at 434-37).

### III.   DISCUSSION

#### A.   Calculation of the Lodestar

Plaintiff seeks recovery of 48.3 hours of attorney time expended at a rate of $300 per hour in conjunction with the motion and related briefing, totaling $14,490. (10/8/24 Ltr. at 1-2). The request is supported by a short letter from counsel including an itemization of his work performed on the matter by task, date and amount of time spent. (*Id.*). Defendants observe that no affidavit was submitted, but they proffer "no objection to the reasonable rate asserted." (Objs. at 1-2). Moreover, the Court notes that Plaintiff's success in filing the motion was complete, inasmuch as Defendants were ordered to produce "all discovery" requested therein. (Order, ECF No. 115, at 3); *see Maldonado*, 256 F.3d at 184. Accordingly, the Court begins with a lodestar of $14,490 and turns to Defendants' specific objections to the various time expenditures set forth

in the letter and their related contention that the Court should limit recovery to a maximum of three hours, or $900.

B. **Review of Discovery Responses**

Defendants first claim, albeit in a footnote, that Plaintiff cannot recover for 2.2 hours counsel spent reviewing and analyzing Defendants' discovery responses and Plaintiff's prior motion to compel because a party "cannot charge for time spent reviewing discovery responses." (Objs. at 3 n.1 (citing *Mosaid Techs., Inc. v. Samsung Elecs. Co.*, 224 F.R.D. 595, 598 (D.N.J. 2004))). However, the cited case is distinguishable. In *Mosaid Technologies, Inc.*, the plaintiff attempted to recover "fees [that] would have been incurred in any event," including for "many hours reviewing documents actually *produced* by defendants." 224 F.R.D. at 598 (emphasis in original) (quotations omitted). Accordingly, the court disallowed the fees, pointing out that its prior order awarding fees incurred in conjunction with obtaining the withheld discovery "was not a blanket mandate that defendants finance plaintiff's litigation during the discovery phase." *Id.* But the entry at issue, more limited in amount of time and confined to reviewing "discovery responses" rather than a document production, does not raise the same concerns.

Nonetheless, insofar as Defendants suggest that 2.2 hours was excessive for the task at hand, the Court agrees. Defendants' responses and objections to Plaintiff's interrogatories and requests for production of documents consisted of 23 pages. (Defs.' Resps. & Objs. to Interrogatories, ECF No. 107-2; Defs.' Resps. & Objs. to Requests for Prod. of Docs., ECF No. 107-2). Their "responses" to Plaintiff's requests for admissions consisted of a single general objection. (Defs.' Resps. & Objs. to Requests for Prod. of Docs., ECF No. 107-4). Although clearly deficient, Defendants' responses should not have required 2.2 hours of review. Plaintiff's counsel also references in this entry analysis of "prior motions to compel," (10/8/24 Ltr. at 1-2), but it had filed only one earlier such motion, and it is unclear why counsel needed to review it at

this time, particularly because it was denied (if without prejudice). Thus, the Court halves this entry, to 1.1 hours.

        **C.**        **Drafting Deficiency Letter**

Defendants next contend that counsel excessively billed 2.2 hours for drafting the pre-motion deficiency letter, a "one-page letter" that "incorporates documents from 2023 more than it sets forth the nature of the discovery dispute in 2024." (Objs. at 4-5). In fact, counsel's letter consisted of two pages, not one. (*Id.* at Ex. B). Moreover, its brief discussion of the history of the parties' discovery dispute dating back to 2023 and incorporation of the deficiency letter from that period, if anything, *reduced* the amount of time counsel spent drafting the new letter. The fees incurred in connection with this attempt to address Defendants' discovery noncompliance without the need for judicial intervention were reasonable and remain recoverable.

        **D.**        **Allegedly Redundant Analysis**

Defendants further argue that Plaintiff's claim for fees stemming from 1.8 hours of "planning, review and analysis" is redundant because counsel did not need to spend this much time merely "thinking about" filing the motion to compel since he filed a similar one in 2023. (*Id.* at 5). Although there is no time entry with the exact description quoted by Defendants, they appear to refer to the three entries from July 15, 17 and 18, 2024, totaling 1.8 hours. (*See* 10/8/24 Ltr. at 2). On these dates, counsel spent 0.2, 0.4 and 1.2 hours, respectively, planning the motion to compel, reviewing and analyzing Defendants' opposition to the deficiency letter, and further planning the motion and conducting legal research and analysis related to the opposition. (*Id.*). The fees incurred in conjunction with these tasks are recoverable. Not only was the overall amount of time spent limited to less than two hours, but a significant chunk of it was also spent evaluating and analyzing Defendants' new response to Plaintiff's latest deficiency letter. (*Id.*). The remaining time was reasonably incurred planning out the motion to compel

instead of immediately beginning drafting. Moreover, as discussed in the next section, the 2023 and 2024 motions to compel were not as similar as Defendants suggest. For these reasons, the Court will permit recovery for the entries at issue.

### E. Drafting Motion

Defendants' complaint regarding the fees billed for drafting the motion is twofold. First, they take issue with the 6.4 hours allocated to "[a]nalysis of Defendants['] 2023 and 2024 discovery answers; drafting brief." (Objs. at 5-6). As discussed above, Defendants' 2024 discovery responses were short and would have required only limited time to review, and it is not clear why counsel needed to review documents from 2023. (*See* § III.B). This entry also includes time spent "drafting [the] brief" for the 2024 motion to compel, but, as Defendants note, counsel's combining non-recoverable time with potentially recoverable time into a single entry deprives the Court of the ability to determine exactly what is and is not compensable. *See Estate of Schultz v. Potter*, No. 05-1169, 2010 WL 883710, at *7 n.11 (W.D. Pa. Mar. 5, 2010) ("A plaintiff block bills at his own peril. As a result, I am disallowing the entire amount billed for those block entries."), *modified on reconsideration on other grounds*, 2010 WL 2597697 (W.D. Pa. June 24, 2010). Thus, the Court excludes the 6.4-hour entry in its entirety.

Defendants' second challenge is that counsel improperly spent 14.8 hours "drafting and filing a motion and brief in July of 2024, a brief which is essentially similar to a motion and brief he drafted and filed in March 2023." (Objs. at 6). Defendants' calculations include the 6.4-hour disallowed entry discussed above, and thus this time has already been cut substantially. Furthermore, although Defendants highlight the similarities between the earlier and more recent motions to compel as reflected in their tables of contents, these tables also reflect that the new motion to compel addressed several additional interrogatories and requests for production of

6

documents, as well as all the requests for admissions. (*See* Objs. at Ex. A). Therefore, the Court declines to reduce the time spent drafting the motion to compel any further.

### F. Ministerial/Secretarial Tasks

Defendants takes issue with Plaintiff's attempt to recover for non-attorney tasks such as compiling exhibits to the motion (3.3 hours) and organizing the reply brief for electronic filing (4.2 hours). (Objs. at 6-7). Defendants are correct that such ministerial tasks are non-recoverable. *See Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995) ("We have cautioned on a number of occasions that when a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable."). And although the entries at issue include potentially compensable time spent drafting the motion and editing the reply, counsel's block-billing makes it impossible to determine how much time was allocated to such tasks. Accordingly, the Court strikes the entries, totaling 7.5 hours, in their entirety. *See Estate of Schultz*, 2010 WL 883710, at *7.

### G. Reply Brief

Defendants' penultimate criticism of the fee application is that Plaintiff seeks an "excessive" recovery for 20.3 hours expended on the reply brief even though it failed to cite any case law and did not require complex legal analysis. (Objs. at 7). The Court agrees that Plaintiff's 20-page response to Defendants' seven-page reply was longer and more time-consuming than necessary. As noted in the preceding section, this Court has already reduced the potentially recoverable time spent on the reply brief by 4.2 hours, to 16.1 hours. Due to the excessive nature of the reply, the Court further halves the compensable time for this task to eight hours. *See Grant v. Lockett*, 605 F. Supp. 3d 399, 407 (N.D.N.Y. 2022) (explaining that although determining what hours were reasonably expended "is not an exact science, but rather an effort to capture a reasonable fee based on the work claimed, . . . [a] percentage reduction is a

7

practical means of trimming fat from a fee application and is a permissible way of reducing a fee award . . . especially . . . when the hours billed are . . . excessive") (internal citations omitted).

H.     **Request to Limit Recover to Three Hours**

Lastly, citing two cases in which fee awards for simple motions to compel were limited to three hours, Defendants submit that the Court should do the same here. (Objs. at 11 (citing *Rich Prods. Corp. v. Impress Indus., Inc.*, No. 05 Civ 187S 2008 WL 203020, at *3 (W.D.N.Y. Jan. 23, 2008); *Marano v. Aaboe*, No. 05 Civ. 937(BSJ)(RLE), 2007 WL 3195156, at *4 (S.D.N.Y. Oct. 29, 2007))). However, both cases are distinguishable. In *Rich Products Corp.*, the court reduced a claim for 7.6 hours for preparing a motion to compel to three hours because the former figure included time spent "drafting an unnecessary proposed order that was never submitted" and "summarizing existing documents . . . ." 2008 WL 203020, at *3. Here, counsel did not prepare any superfluous or unsubmitted filings, (*see* 10/8/24 Ltr. at 1-2), and the Court has already excised all entries that included time spent on unnecessary or delegable tasks. (*See supra* § III.B, E, F). Furthermore, Defendants ignore the fact that the court in *Rich Products Corp.* permitted recovery of an additional nine hours incurred preparing a short reply. 2008 WL 203020, at *3.

In *Marano*, the court awarded the plaintiffs fees for just three of the 16 hours expended on a motion to compel, but it did so because the defendants were "substantially justified" in opposing some of the discovery at issue and, thus, "attorney's fees [we]re only being granted for a small portion of the overall motion." 2007 WL 3195156, at *1, 4. In this case, by contrast, Defendants were not substantially justified in their opposition to discovery, and the Court's Order contemplated full reimbursement for all expenses and fees reasonably incurred in prosecuting the motion to compel. (Order, ECF No. 115).

Because these cases are inapplicable to the one at present, the Court rejects the notion that Plaintiff should be limited to recovery of merely three hours of counsel's time expended in the discovery dispute.

### I.     Responsibility for the Fees

Finally, the court should consider who is responsible for the conduct leading to the need for an award of attorneys' fees, "the party, the attorney, or both." *Wachtel*, 239 F.R.D. at 84. Here, the responsible individual was apparently Defendants' attorney, Michael Monsour, Esquire, not Defendants personally. There is no indication in any of Defendants' filings or discovery responses that the noncompliance was attributable to Defendants' refusal to provide Mr. Monsour with the necessary information or documents to respond. As Defendants' attorney, Mr. Monsour was aware of the requirements of applicable discovery rules, yet he failed without substantial justification to abide by them. Accordingly, he shall pay the fee award.

### IV.    CONCLUSION

For these reasons, the Court awards Plaintiff $7560.00 in fees, representing 25.2 compensable hours of attorney time spent in conjunction with the motion to compel, payable by Mr. Monsour within 60 days. An appropriate Order follows.

BY THE COURT:

  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge