IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CT INSTALL AMERICA, LLC,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 22-cv-4557 |
| | : | |
| **JULIAN BORYSZEWSKI, et al.,** | : | |
| Defendants. | : | |

### MEMORANDUM

**SITARSKI, M.J.**                                                                                           **January 21, 2025**

Presently pending before the Court is Defendants'[1] Motion to Compel Full and Complete Discovery Responses (ECF No. 116), Plaintiff's answer (ECF No. 125), Defendants' reply (ECF No. 127) and Plaintiff's sur-reply (ECF No. 130). For the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     **RELEVANT BACKGROUND**

Defendants served the Second Sets of Requests for Production of Documents and Things ("RFPs") and Interrogatories (together, "Disco. Requests") at issue in their motion upon Plaintiff on August 27, 2024.[2] (Disco. Requests, ECF No. 116-3, Ex. C). On October 3, 2024, Attorney

---

[1] As used herein, "Defendants" shall refer to the moving defendants represented by Michael M. Monsour, Esquire: Julian Boryszewski, Focal Point Remodeling, Inc., Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Alexx Biscuit, Timothy Bodnar, Carrie Sullivan, and Matthew Blumberg.

[2] In their motion, Defendants also briefly ask the Court to compel Plaintiff to produce documents responsive to earlier discovery requests seeking materials provided to any expert, communications with Brian Sutherland and information relevant to the subsequently "Dismissed Defendants" (Cayce Bankert, Carrie Sullivan, David Faline and Thomas Clattenburg), but Defendants do not reference any of this discovery in their supporting brief, including in the "Issues Presented" section, and their proposed order addresses only the expert discovery. (Mot. to Compel, ECF No. 116, at 2-3; Proposed Order, ECF No. 116-1; *see generally* Br. in Supp. of Mot. to Compel, ECF No. 116-2). Unsurprisingly given the limited and uneven treatment of

Monsour emailed counsel for Plaintiff, Andrew Muir, Esquire, informing him that responses were overdue and asking when he could expect them. (Email Exch., ECF No. 125-2, at 3). Attorney Muir responded that day that Plaintiffs would respond to the Discovery Requests by October 11, 2024. (*Id.* at 2). However, on October 4, 2024, Attorney Muir emailed Attorney Monsour objecting to the 13 interrogatories (not including subparts) contained within the Discovery Requests because Plaintiff had previously served 23 interrogatories (not including subparts) and Federal Rule of Civil Procedure 33(a) limits each party "to serv[ing] 25 interrogatories upon any other party" unless by agreement or leave of court. (Oct. 4, 2024 Ltr., ECF No. 125-3). Taking the position that Plaintiff was required to respond to at most two of the interrogatories, Attorney Muir asked Attorney Monsour how he wished to proceed. (*Id.*). The latter responded four days later that, *inter alia*, Rule 33(a) applies on a per-party basis and because he represented eleven different Defendants, the number of interrogatories was well within the limit. (Oct. 8, 2024 Ltr., ECF No. 125-4, at 1). Attorney Monsour added that he would file a motion to compel if Plaintiff did not respond to the Interrogatories and requested that Attorney Muir let him know by October 10, 2024, if Plaintiff intended to comply. (*Id.* at 2).

Attorney Muir emailed Attorney Monsour on that date highlighting the many subparts included in the First and Second Sets of Interrogatories, responding to the other arguments set forth in Attorney Monsour's most recent letter, and providing Plaintiff's responses and objections to the Discovery Requests.[3] (Oct. 10, 2024 Ltr., ECF No. 125-5). Specifically,

---

these issues by Defendants, Plaintiff did not address them in its response (although it does do so briefly in its sur-reply). (*See generally* Resp., ECF No. 125). Because Defendants have not properly placed this discovery at issue in its present motion, the Court does not consider at this time whether Defendants are entitled to it.

[3] Attorney Monsour represents that despite the date on the certificate of service to Plaintiff's emailed responses and objections he did not receive them until five days later, on October 15, 2024. (Mot. to Compel, ECF No. 116, at 4-5 n.1). The two attorneys also trade

Plaintiff objected to each of the Interrogatories as beyond the number permitted by Rule 33(a). (Pl.'s Resps. & Objs. to Interrogatories, ECF No. 116-3). As for the RFPs, it provided documents responsive to one request, stated that none existed as to another, and objected to the remaining RFPs on a variety of grounds. (Pl.'s Resps. & Objs. to RFPs, ECF No. 116-3).

Defendants filed the instant motion to compel on October 18, 2024, with Plaintiff, after receiving an extension from the Court, responding one month later. (Mot. to Compel, ECF No. 116; Ext. Order, ECF No. 123; Resp., ECF No. 125). On December 2, 2024, Defendants submitted their reply. (Reply, ECF No. 127). Plaintiff subsequently filed a sur-reply after obtaining leave of court. (Sur-reply, ECF No. 130). On December 19, 2024, Defendants wrote the Court requesting oral argument. On January 9, 2025, Plaintiff submitted a letter "supplementing" Plaintiff's two prior filings, followed by a letter from Defendants later that day.

## II. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal litigation. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

---

unhelpful accusations regarding the reason(s) behind the discrepancy. (*Compare id. with* Resp., ECF No. 125, at 15 n.14).

Although the scope of discovery is broad, it is not unlimited. *Inventio AG v. Thyssenkrupp Elevator Ams. Corp.*, 662 F. Supp. 2d 375, 380 (D. Del. 2009); *see also Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168 MLC, 2012 WL 628320, at *3 (D.N.J. Feb. 27, 2012) ("Discovery is not without bounds . . . and courts will not permit parties to engage in fishing expeditions . . . .") (quoting *MacDermid Printing Sols., L.L.C., v. E.I. du Pont de Nemours & Co.*, No. 07-4325, 2008 WL 323764, at *1 (D.N.J. Feb. 5, 2008)). Upon a party's motion or of its own accord, the court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought. *See* FED. R. CIV. P. 37(a). The moving party must initially demonstrate the relevance of the information sought to a particular claim or defense. *Bostwick v. Shoop*, No. 1:09-CV-2212, 2010 WL 4536977, at *2 (M.D. Pa. Nov. 3, 2010) (citing *Paluch v. Dawson*, Civil No. 1:CV–06–01751, 2008 WL 2785638 at *2 (M.D. Pa. July 17, 2008)). Relevance in this context has been "construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 349 U.S. 495, 501 (1947)). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Peay v. Fisher*, No.

3:15-CV-00345, 2016 WL 3876634, at *1 (M.D. Pa. July 15, 2016) (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

### III.   DISCUSSION

#### A.   Good Faith

As a threshold matter, Plaintiff contends that a substantive ruling on Defendants' motion is inappropriate at this time because they have not conferred or attempted to confer with Plaintiff in good faith prior to moving to compel.[4]  (Resp., ECF No. 125, at 13-18; Sur-reply, ECF No. 130, at 3).  However, as set forth above, counsel for the parties exchanged multiple missives regarding their respective positions regarding the responses and objections to the Discovery Requests.  *See supra* § I.  Seizing on Attorney Monsour's characterization of his October 3, 2024 email as "prophylactic," to "guard against" Attorney Muir claiming that he had already sent discovery responses, Plaintiff claims that "Defendants have admitted that they did not engage in a good faith effort to resolve this dispute and never intended to do so."  (Sur-reply, ECF No. 130, at 3).  In its recent letter to the Court, Plaintiff again jumps on a supposed admission of bad faith by its adversaries, positing that Defendants lack a good faith basis for their motion because they have acknowledged in their response to Plaintiff's separately filed Third Motion to Compel that Plaintiff was actively attempting to produce the requested documents but, like Defendants, was

---

[4] Plaintiff does not dispute that Defendants included in their motion the certification required by Local Rule 26.1(f).  *See* E.D. Pa. Loc. R.C.P. 26.1(f) ("No motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute.").  Instead, it argues that Defendants' efforts were inadequate and/or not in good faith.

having technical difficulties in accessing electronically stored information.[5] (*See* Defs.' Resp. to Pl.'s Third Mot. to Compel, ECF No. 132, at 5).

But Plaintiff fails to connect the dots. Simply because Attorney Monsour sent Attorney Muir the October 3 email, at least in part, to forestall any contention that responses had been sent previously does not mean that Attorney Monsour failed to engage in a good faith effort to resolve this matter, especially where it is indisputable that he followed up this email with another communication stating his clients' position as to Plaintiff's initial objections and warning that Defendants would file the instant motion if Plaintiff continued to stand upon them. (Oct. 8, 2024 Ltr., ECF No. 125-4, at 1). Nor is the reason for Plaintiff's noncompliance relevant to whether the instant motion was filed in good faith.[6] Although in their response to Plaintiff's motion Defendants give Plaintiff the benefit of the doubt and take "the optimistic position" that Plaintiff failed to produce requested responsive documents due to technical problems (despite that not being the reason for nonproduction asserted in the responses to the RFPs), (Def.'s Resp. to Pl.'s Third Mot. to Compel, ECF No. 132, at 5), Defendants were entitled to seek compliance with properly issued discovery requests after attempting to resolve the matter directly even if the delay in production was due to a technical issue.

B. **Merits Consideration**

Defendants identify two substantive issues for the Court's consideration. First, they assert that Plaintiff has waived its objections to the Discovery Requests by failing to respond to

---

[5] Plaintiff also observes that Defendants' efforts regarding the Discovery Requests did not address certain additional discovery, (Resp., ECF No. 125, at 15), but as also noted above, Defendants have not properly developed these issues in their submissions and thus the Court does not consider any request to compel this additional discovery. *See supra* n.2.

[6] The reason for Plaintiff's noncompliance is, however, relevant to whether an award of fees should be imposed, and the Court accordingly considers it in the section dealing with that issue. *See infra* § III.C.

them within 30 days or otherwise seek an extension of time to object. (Br. in Supp. of Mot. to Compel, ECF No. 116-2, at 1). Second, they claim that Plaintiff's objections to the number of interrogatories are baseless because Rule 33 applies to each individual party and the total number is otherwise reasonable. (*Id.* at 1-2). Because the Court finds that Plaintiff's failure to take any relevant timely action regarding the Interrogatories results in the waiver of its objections to them, including those under Rule 33, the Court does not consider the second issue raised by Plaintiff. Nonetheless, consistent with applicable case law, the Court considers whether Plaintiff should be compelled to substantively respond on an interrogatory-by-interrogatory basis. Further, because Plaintiff has not waived its objections to the RFPs, the Court considers the propriety of each in light of Plaintiff's respective objections.

      1.    **Waiver of Objections**

          a.    **The Parties' Positions**

Quoting this Court's opinion in *Shopman's Local Union 502 Pension Fund v. Samuel Grossi & Sons, Inc.*, No. 20-CV-5776, 2022 WL 129684, at *3 (E.D. Pa. Jan. 13, 2022), which in turn quoted from *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999), Defendants observe that "[w]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in [the] absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later." (Br. in Supp. of Mot. to Compel, ECF No. 116-2, at 3-4 (also citing *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. 1991); *Shenker v. Sportelli*, 83 F.R.D. 365, 366 (E.D. Pa. 1979); *Davis v. Romney*, 53 F.R.D. 247, 247 (E.D. Pa. 1971))). Plaintiff counters that it provided responses and objections to the Discovery Requests within the extended timeframe to which Defendants had agreed, as permitted by Federal Rule of Civil Procedure 29(b). (Resp., ECF No. 125, at 11-

13); *see also* F.R.C.P. 29(b) (parties may stipulate to "procedures governing or limiting discovery" if doing so does not "interfere with the time set for completing discovery").

Defendants reply that Plaintiff conflates a request for a date on which responses will be produced with an extension of time to submit them, even though they are not the same. (Reply, ECF No. 127, at 2). They continue that in any event any extension requested or given was only for substantive responses, not objections. (*Id.* at 2-3 (quoting *Coregis Ins. Co.*, 187 F.R.D. at 530, for the proposition that "an agreement among the parties to wait for responses beyond the 30-day period is not considered a stay or an extension of time for filing objections"); citing *Haring v. Eckerd Corp.*, No. CIV.A. 01-3988, 2002 WL 32348343, at *1 (E.D. Pa. May 16, 2002)). They add that Plaintiff raised no issue with the Discovery Requests during the response period and only stated an objection (regarding the number of interrogatories) nine days after the time to do so had elapsed. (*Id.* at 3-4).

In its sur-reply, Plaintiff attempts to distinguish *Coregis* and *Haring* on the grounds that in those cases the nonmovants' conduct was more egregious than its conduct here and the movants made greater efforts to resolve the dispute before seeking court intervention. (Sur-reply, ECF No. 130, at 5-6). It also claims that in these cases the courts "account[ed]" for the objections of the nonmovants notwithstanding the waiver, which in any event should be limited to instances in which no objections are lodged before the filing of the movant's motion to compel. (*Id.* at 6 (citing *Shenker*, 83 F.R.D. at 366-67; *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 241 (D.N.J. Jan. 4, 2022); *McCowan v. City of Phila.*, No. 2:19-cv-03326-KSM, 2021 WL 1193241, at *3 (E.D. Pa. Mar. 30, 2021); *PEG Bandwith PA, LLC v. Salsgiver, Inc.*, No. 3:16-cv-178, 2017 WL 2992219, at *3 (W.D. Pa. July 13, 2017))).

### b.   Analysis

Neither side distinguishes between waiver of untimely objections to interrogatories and waiver of untimely objections to RFPs, even though important differences exist in both the applicable rules of civil procedure and the case law construing them. Accordingly, the Court separately analyzes this issue as to each subset of Discovery Requests.

### i.   Interrogatories

Rule 33, governing interrogatories, is unequivocal: "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." F.R.C.P. 33(b)(4); *see also* 8B Federal Practice & Procedure § 2173 ("In the absence of an extension of time, failure to object within the time fixed by the rule is a waiver of objections, as the rule now says.") (citations omitted); 7 Moore's Federal Practice - Civil § 33.174[2] ("Untimely objections normally are waived.") (citing *Lohrenz v. Donnelly*, 187 F.R.D. 1, 5 (D.D.C. 1999); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473–1477 (9th Cir. 1992) (additional citations omitted)). Applicable case law says the same: "The passing of the applicable period in which to answer or object without any objection being made to the questions set forth in the interrogatories clearly must be considered a waiver by the defendants of any objections they might have had." *Shenker*, 83 F.R.D. at 367 (quoting *Davis*, 53 F.R.D. at 248) (internal parentheses omitted); *see also, e.g., Puricelli*, 136 F.R.D. at 396 ("Generally, in the absence of good cause or an extension of time, a party who fails to serve an objection to interrogatories within the time prescribed by Rule 33 waives the right to later raise that objection.") (citing *Brock v. Gerace*, 110 F.R.D. 58, 62 (D.N.J. 1986)). That Plaintiff did not delay as long as the nonmovants in other cases cited by Defendants, or that the movants in those cases made greater efforts to resolve the matter than Defendants did here, does not warrant deviating from the clear dictates of Rule 33 and cases applying it.

Thus, Plaintiff's objections to the Interrogatories are waived unless it can show the existence of good cause or an extension. Invoking the latter, it maintains that "Defendants agreed to a stipulation extending the period for all responses to their August 27 Requests and Plaintiff promptly served its objections within that period." (Resp., ECF No. 125 at 11). However, the parties had no communications about the Discovery Requests until more than 30 days after their issuance when on October 3, 2024, Attorney Monsour inquired about the status of responses. (Email Exch., ECF No. 125-2, at 3); *see* F.R.C.P. 33(b)(2), 34(b)(2)(a) (30 days to respond and object to interrogatories and RFPs). Moreover, during this exchange, Attorney Muir never requested, and Attorney Monsour never agreed to, any retroactive extension to serve objections. (Email Exch., ECF No. 125-2, at 1-3). In addition, insofar as Attorney Monsour acquiesced to the "extension" that Attorney Muir effectively granted his client by deciding upon a response date later than those provided by the Rules, such acquiescence did not constitute an extension of time to file objections as well. *See Davis*, 53 F.R.D. at 248 (a party's "patience in agreeing to wait for answers beyond the [response] period cannot be considered as a stay or an extension of the time for filing objections") (citing *Sturdevant v. Sears, Roebuck & Co.*, 32 F.R.D. 426 (W.D. Mo. 1963)); *Haring*, 2002 WL 32348343, at *1 (finding waiver where it was not "entirely clear" that the agreed-upon extension encompassed both answers and objections to the discovery). Thus, Plaintiff has waived its objections to the Interrogatories.

Nonetheless, this conclusion does not end the Court's inquiry. Although Plaintiff's waiver of its objections affords the Court the authority to mandate "complete compliance" with the discovery at issue, "it is advisable that it examine the discovery sought." *Shenker*, 83 F.R.D. at 367 & n.4 (observing that "[w]ere a court merely to rubber-stamp the moving party's discovery requests in all respects, the possibility of an order exceeding the stricture of . . . Rule [37] exists"). This Court retains discretion not to order discovery that has "absolutely no

10

relevance to the subject matter of the suit or is otherwise patently improper . . . ." *Id.* at 367 (citing *Williams v. Krieger*, 61 F.R.D. 142 (S.D.N.Y. 1973)); *see also Haring*, 2002 WL 32348343, at *1 ("It is, however, within the discretion of the Court not to compel discovery which is patently improper.") (citing *Rontchen v. Walker*, No. CIV.A.95-CV-6861, 1996 WL 238701, at *1 (E.D. Pa. May 7, 1996)).  In determining what requested discovery is proper, the Court should be "guided by Fed. R. Civ. P. 26(b)(1)," as set forth above.[7] *See Coregis Ins. Co.*, 187 F.R.D. at 530 (applying earlier version of this subsection to determine propriety of discovery requests after the responding party was determined to have waived its objections).  Accordingly, the Court examines each individual interrogatory. *See Coregis Ins. Co.*, 187 F.R.D. at 530 (briefly considering movant's discovery requests); *Shenker*, 83 F.R.D. at 367 (same).

Interrogatories Nos. 1 through 4 and 6 through 9 are contention interrogatories asking Plaintiff to identify the facts and evidence supporting its allegations, claims, and damages.  (Pl.'s Resps. & Objs. to Interrogatories, ECF No. 116-3, at Nos. 1-4, 6-9); *see B. Braun Med. Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (contention interrogatories include, *inter alia*, those that "ask a party . . . to state all the facts upon which it bases a contention")

---

[7] Plaintiff argues that Defendants have not met the threshold requirements of Rule 37(a), including demonstrating the relevance of the Discovery Requests and explaining what is lacking in Plaintiff's responses thereto. (Resp., ECF No. 125, at 18-20; *see also* Sur-Reply, ECF No. 130, at 4). Alternatively, it purports in a short two-paragraph section of its brief to cross-move for a protective order as to the Discovery Requests. (*Id.* at 21). However, neither argument is well-taken. First, the fact that the Court is only ordering discovery consistent with the constraints of Rule 26(b)(1), which already requires relevance and places other limitations on permissible discovery as well, obviates the need for any protective order. Second, it is doubtful that after waiving its objections to the Interrogatories Plaintiff could simply turn around and seek a protective order on grounds that it could have raised in those objections if it had acted timely. Third, the notion that Defendants failed to point out the problems with Plaintiff's responses strains credulity. On the contrary, they clearly complained in their motion that "Plaintiff has not responded to any interrogatories" and that "Plaintiff has not provided any documents in response to Defendants' discovery requests other than personnel records of Defendants' employment with Plaintiff." (Mot. to Compel, ECF No. 116, at 5).

11

(citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992); *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)). Such interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties" and "to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (citing F.R.C.P. 33 advisory committee's note (1970 Amendment, Subdivision (b))). As such, these interrogatories are permissible.

Interrogatory No. 5 asks Plaintiff to set forth its entire investigation, as to each Defendant and each claim, prior to filing both the Complaint and Amended Complaint. This interrogatory is overbroad, unduly burdensome and not proportional to the needs of the case pursuant to Rule 26(b)(1). Furthermore, Defendants' request for information about steps taken in anticipation of and during litigation may implicate privilege concerns. Plaintiff need not respond to this interrogatory.

Interrogatories Nos. 10, 12 and 13 are run-of-the-mill requests for Plaintiff to identify the individuals answering the interrogatories and with knowledge of this matter and the lay witnesses expected to testify, including a brief summary of each person's knowledge or testimony. *See Collins v. Walsh*, No. 1:CV-09-1932, 2012 WL 382983, at *4 (M.D. Pa. Feb. 6, 2012) (ordering plaintiff to identify people with knowledge of the facts of the case, as requested in interrogatory); *Swarthmore Radiation Oncology, Inc. v. Lapes*, No. 92-3055, 1994 WL 87026, at *1 (E.D. Pa. Feb. 18, 1994) ("the plaintiffs sought to have all parties answer simple interrogatories regarding the content of the testimony of the numerous non-expert witnesses to be offered at trial, information which is their due"). Plaintiff must substantively respond to these interrogatories.

The remaining interrogatory, No. 11, seeks the disclosure of any planned expert testimony and related information about the expert(s). Under Rule 26(a)(2)(D), "[a] party must make these disclosures at the times and in the sequence that the court orders." F.R.C.P. 26(a)(2)(D). Here, the Amended Scheduling Order requires that this information be disclosed by April 7, 2025. (Am. Sch. Order, ECF No. 126). Therefore, Plaintiff need not provide this information at this time.

### ii.    RFPs

Unlike Rule 33, Rule 34, governing RFPs, does not address waiver of untimely objections. *See* F.R.C.P. 34. Indeed, "[n]otably absent from Rule 34 is an automatic waiver provision as found in Rule 33." *PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, Case No. 3:16-cv-178, 2017 WL 2992219, at *3 (W.D. Pa. July 13, 2017); *see McCowan v. City of Phila.*, No. 2:19-cv-03326-KSM, 2021 U.S. Dist. LEXIS 60489, at *10 (E.D. Pa. Mar. 30, 2021) (rejecting argument "that there is a similar, 'implicit' rule regarding waiver under Rule 34") (additional internal citations omitted); *see also* 7 Moore's Federal Practice - Civil § 34.13[2][a] ("If the responding party fails to make a timely objection, . . . the party may be held to have waived its objections. . . . However, a finding of waiver is not mandatory.") (citing *Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 12 (1st Cir. 1991)) (additional citations omitted). As a neighboring district court has explained, "Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct." *Scaturro v. Warren & Sweat Mfg. Co.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995).

Here, Plaintiff highlights that its conduct does not warrant the "disproportionate sanction" of finding a complete waiver of its objections. (Sur-reply, ECF No. 130, at 7). This Court agrees, insofar as the RFPs are concerned. Although Plaintiff disregarded the 30-day deadline to provide responses and objections to the RFPs, it was responsive to Defendants' inquiries and

13

furnished some objections nine days after the original date to do so and the remaining ones a few days after that. In cases where courts have applied a blanket waiver of objections to RFPs, the nonmovant was often substantially more dilatory than Plaintiff was here. *See, e.g., Haring*, 2002 WL 32348343, at *3 (nonmovant did not respond until 39 days after the already extended deadline); *Puricelli*, 136 F.R.D. at 396 (objection at issue not raised until motion for reconsideration of grant of motion to compel); *Marx*, 929 F.2d 8 (objection at issue not raised until after court issued order compelling discovery); *Shenker*, 83 F.R.D. at 366 (no objections lodged until response to motion to compel). Accordingly, the Court considers Plaintiff's specific[8] objections to Defendants' RFPs.[9]

RFP No. 1 seeks documents referenced in Defendants' Second Set of Interrogatories. (Pl.'s Resps. & Objs. to RFPs, ECF No. 116-3, at Nos. 1). Plaintiff previously responded that no such documents exist, but this fact may change now that it is required to respond to the majority of those interrogatories. Plaintiff shall update this response and its document production accordingly.

RFP No. 2 bears similarities to Interrogatory No. 5, insofar as it seeks the entire universe of documents that Plaintiff relied upon in preparing its Complaint and Amended Complaint. As

---

[8] To every RFP to which Plaintiff objected, it included a vague reference to "Gen. Obj. 3-12." (*See* Pl.'s Resps. & Objs. to RFPs, ECF No. 116-3, at Nos. 2-8, 10-12). However, such general objections without any reference to "particularized facts" are improper, and the Court does not consider them. *Great Lakes Ins. S.E. v. Sunshine Shopping Cntr., Inc.*, No. 1:19-cv-00039, 2020 WL 9809840, at *8 (D.V.I. June 22, 2020) (citing *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010)) (additional citations omitted).

[9] Defendants acknowledge that Plaintiff provided their personnel records as requested in Interrogatory No. 7. (Mot. to Compel, ECF No. 116, at 5). Further, Plaintiff represents that as of the date of the responses it had not provided any documents to any potential or actual expert in this case, as requested in Interrogatory No. 9. Accordingly, the Court does not further address these RFPs except to remind Plaintiff of its continuing obligation under the Rules to supplement its response to Interrogatory No. 9 as needed.

noted regarding that interrogatory, a request along these lines is overbroad, unduly burdensome and not proportional to the needs of the case and, further, may seek materials protected by the attorney-client privilege and/or work-product doctrine. (*See also id.* at No. 2 (objecting to RFP as overbroad and seeking documents in Defendants' possession)). However, Defendants are entitled to documents relied upon by Plaintiff in answering their First Set of Interrogatories, as the RFP also requests.

Similar to Interrogatories Nos. 1 through 4 and 6 through 9, RFP No. 3 is a so-called "contention document request" seeking all documents supporting Plaintiff's allegations, claims, and damages. "Courts have approved the use of 'contention' document requests, and Defendants' use of such requests to explore Plaintiff[']s theories here is reasonable." *Lively v. Reed*, No. 1:20 CV 119 MOC WCM, 2021 WL 3729984, at *8 (W.D.N.C. Aug. 23, 2021) (citing *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-cv-11020-ADB, 2021 WL 1821358 (D. Mass. May 6, 2021); *Kleppinger v. Texas Dep't of Transp.*, No. L-10-124, 2012 WL 12893651, at *17 (S.D. Tex. March 4, 2012)). Thus, the Court rejects Plaintiff's objections on the grounds that the RFP is overbroad and seeks documents within Defendants' possession, particularly because Defendants cannot know which documents upon which Plaintiff intends to rely. Plaintiff must produce documents responsive to this RFP.

In RFP No. 4, Defendants seek Plaintiff's state and federal tax returns since 2019. Plaintiff objects that this RFP (and RFP No. 5, seeking ledgers from the same period) is overbroad and burdensome and seeks protected documents. As stated in *Haas v. Kohl's Dep't Store, Inc.*:

> The discovery of tax returns requires the balancing of two competing and important interests-the taxpayer's expectation of privacy and the benefits of broad pre-trial discovery. *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982) ("[P]rivate individuals have legitimate expectations of privacy regarding the precise amount of their incomes."). Courts have applied a two-part test for

15

> striking a balance between these two interests by first determining the relevance of the tax returns to the litigation. If the returns are determined to be relevant, the second consideration is whether a compelling need exists for the tax returns because of the lack of information available from other sources. The party seeking the information bears the burden of proving such unavailability of resources. *Terlescki v. E.I. DuPont De Nemours & Co.*, 1992 WL 75015 [ ] (E.D. Pa. 1992); *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 80 (E.D.Pa.1994).

No. 08–CV–2507, 2009 WL 2030567, at *1 (E.D. Pa. July 7, 2009).

In this case, Plaintiff's tax returns are relevant given its claims of lost revenue due to Defendants' actions as alleged in the Amended Complaint. *See Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997) ("Where the taxpayer has placed this financial information into dispute, the tax returns may contain relevant information."). However, despite Plaintiff specifically disputing Defendants' right to its tax returns in its response brief, Defendants neglected to take up the issue in its reply and has therefore failed to carry its burden of proving that the information it seeks is unavailable from other sources. Moreover, the information Defendants desire is likely to be contained in the ledgers requested in RFP No. 5, as to which the Court grants their motion.[10] *Cf. Tri-City Railroad Co., LLC v. Preferred Freezer Servs. of Richland, LLC*, No. 2:19-cv-00045-SAB, 2020 WL 533143, at *2 (E.D. Wash. Feb. 3, 2020) ("Profit and Loss Records are discoverable" where "[t]hey are relevant to the issue of damages"). And if it proves not to be, Defendants may move the Court to revisit the discoverability of the tax returns at that time. *See Haas*, 2009 WL

---

[10] Plaintiff's production of these financial documents shall be subject to the entry of a stipulated confidentiality order, to be submitted by the parties within seven days of the date of this memorandum and accompanying order. The parties may designate other produced documents as confidential as well, pursuant to the terms of the stipulation. As is also common practice, the confidentiality order shall contain provisions regarding how the opposing party can challenge the designation and file the information with the Court, as needed. *Deman Data Sys., LLC v. Schessel*, No. 4:13–mc–00520, 2014 WL 204248, at *5 (M.D. Pa. Jan. 16, 2014).

2030567, at *1 ("Should it become apparent as discovery progresses that defense against this litigation requires more of Plaintiff's personal information that is both relevant to the case and difficult to locate outside of income tax returns, Defendant may submit an appropriate request.").

RFP No. 6 seeks communications between Plaintiff's owner (Chris Slocomb) or president (Thomas McMillan), on the one hand, and any Defendant after his or her departure from Plaintiff, on the other hand.  RFP No. 10 seeks their resignation letters.  Relatedly, RFPs Nos. 11 and 12 seek communications between McMillan and either Julian Boryszewski or Canci between January 2020 and March 2021.  Plaintiff objects to each of these RFPs as seeking documents equally available to Defendants and, additionally, to RFP No. 6 as overbroad, burdensome, unlimited in scope and seeking protected documents.  Communications between Plaintiff's principals and the individual Defendants after their respective departures (when they allegedly set up and/or joined a competing company, in violation of their employment agreements) are potentially relevant, as are the communications embodied in their resignation letters.  Furthermore, the principals' communications with Julian Boryszewski or Canci, described in the Amended Complaint respectively as the "ringleader" and "facilitator" of the alleged conspiracy, during the period when the conspiracy was allegedly taking shape are also relevant.  (Am. Compl., ECF No. 81, at 7, 17).  Moreover, given the limited number of communications likely falling into these categories, the requested discovery is proportional to the needs of the case and not overbroad or unduly burdensome.  As for RFP No. 6 specifically, and contrary to Plaintiff's objections, it is sufficiently limited in that it covers only the period after Defendants' separation from Plaintiff, and it is difficult to see how the requested documents (by definition shared with Defendants) are privileged.  As such, Plaintiff must produce documents responsive to these RFPs.

Lastly, RFP No. 8 requests documents relied upon by Plaintiff in determining its alleged damages. Although Plaintiff again objects on overbreadth grounds, "[t]he law is well settled that information regarding damages is as discoverable as information which pertains to liability." *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. Sept. 9, 1994) (citing *Sec. Ins. Co. v. Meyer Trading Co.*, No. 86–4522, 1987 WL 8207, at *1, (E.D. Pa. March 20, 1987)). Therefore, Plaintiff will produce documents responsive to this RFP, except to the extent that such documents are privileged or protected as attorney work product.[11]

### C.    Fees

Defendants request fees in connection with their motion, (Mot. to Compel, ECF No. 116, at 6), with Plaintiff replying that even in the two cases primarily replied upon by Defendants, *Haring* and *Coregis*, the courts did not award fees notwithstanding the nonmovants' less defensible conduct and movants' greater efforts at resolution than here. (Sur-reply, ECF No. 130, at 6-7). The Court declines to issue monetary sanctions. As noted above, although Plaintiff missed the response deadline, it remained in contact with Defendants about the missing discovery and produced responses (albeit largely limited to objections) to the Discovery Requests within two weeks of when it should have. In addition, a question exists as to why Plaintiff failed to produce responsive documents, with Defendants suggesting in its response to Plaintiff's motion to compel that Plaintiff may have been having technical difficulties. (Defs.' Resp. to Pl.'s Mot. to Compel, ECF No. 132, at 5). Furthermore, although Defendants' attempts to resolve the matter were sufficient under Local Rule 26.1(f) to obtain a ruling on its motion,

---

[11] Any documents withheld upon a claim of privilege or work product in response to this RFP, or any other discovery request issued by either side, must be logged on a privilege log. (*See* Reply, ECF No. 127, at 5 n.1 (noting that Plaintiff has produced no privilege log)). The parties shall exchange fully updated privilege logs within 21 days of the date of this memorandum and accompanying order.

*see supra* n. 4, they might have engaged in one last round of communications with Plaintiff once they received its full panoply of objections instead of immediately filing their motion. Finally, Defendants obtained only mixed relief on its motion, with this Court finding some objections waived or invalid but others properly asserted and meritorious. Because these circumstances may "make an award of expenses unjust" under Rule 37(a)(5)(A)(iii), the Court does not award fees at this time.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part.[12] An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

[12] As reflected herein, the Court is able to fully resolve Defendants' motion, and Defendants have obtained substantial relief, without the need for oral argument.