IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CT INSTALL AMERICA, LLC, | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No.: 22-cv-4557** |
| | : | |
| JULIAN BORYSZEWSKI, et al., | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**SITARSKI, M.J.**                                                                 **July 8, 2026**

Presently pending before the Court is Plaintiff's request for attorneys' fees pursuant to the Court's January 28, 2026 Order granting Plaintiff's Motion for Limited Consideration, as well as Defendants'[1] objections to Plaintiff's request.  For the reasons that follow, the Court awards Plaintiff $2,074.00 in fees, payable to Plaintiff by Michael Monsour, Esquire, within 60 days.

## I.      RELEVANT BACKGROUND[2]

On October 15, 2025, Defendants filed a motion for a protective order prohibiting Plaintiff from seeking any more of its electronically stored information.  (Defs.' Mot. for Pro. Order, ECF No. 161).  Eight days later, Plaintiff responded and cross-moved for leave to seek sanctions regarding Defendants' discovery noncompliance.  (Pl.'s Resp. to Defs.' Mot. for Pro. Order, ECF No. 162; Pl.'s Mot. for Leave to Seek Sanctions, ECF No. 163).  Following the

---

[1]  For purposes of this motion, "Defendants" shall refer to Julian Boryszewski, Focal Point Remodeling, Inc., Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Alexx Biscuit, Timothy Bodnar, Carrie Sullivan, and Matthew Blumberg.

[2]  For additional background, see the Court's May 8, 2023 Memorandum denying Plaintiff's Motion for Preliminary Injunction.  (Memo., ECF No. 69).

conclusion of briefing, this Court denied both motions. (Order, ECF No. 164). On December 9, 2025, Plaintiff moved for limited reconsideration insofar as the Court had not awarded it expenses. (Mot. for Ltd. Recon., ECF No. 167). On January 28, 2026, the Court granted Plaintiff's motion and awarded it "reasonable fees and expenses incurred in opposing Defendants' motion," with the amount to be determined following additional submissions from the parties. (Order, ECF No. 173).

On February 10, 2026, Plaintiff submitted its unfiled letter breaking down the requested amounts, and on February 25, 2026, Defendants submitted their objections thereto.


**II.    LEGAL STANDARD**

By reference to Federal Rule of Civil Procedure 37(a)(5), Rule 26(c)(3) provides for motions for sanctions that:

> If the motion is denied, the court . . . must, after giving an
> opportunity to be heard, require the movant, the attorney filing the
> motion, or both to pay the party or deponent who opposed the
> motion its reasonable expenses incurred in opposing the motion,
> including attorney's fees. But the court must not order this
> payment if the motion was substantially justified or other
> circumstances make an award of expenses unjust.

F.R.C.P. 37(a)(5); *see also* F.R.C.P. 26(c)(3) (incorporating Rule 37(a)(5) by reference). District courts retain "broad discretion" in fashioning appropriate sanctions under Rule 37. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006), but any sanctions must be "just." *Estate of C.I.R.*, 41 F.3d 103, 111 (3d Cir. 1994).

The court assesses the reasonableness of the requested attorney's fees by applying the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). It is initially the burden of the prevailing to party to demonstrate the

reasonableness of the claimed rate and the hours spent. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Shanea S. v. Sch. Dist. of Phila.*, No. 12-1056, 2014 WL 2586940, at *1 (E.D. Pa. June 10, 2014). The burden then shifts to the party opposing the fee request to make specific objections to the rate and hours. *Rode*, 892 F.2d at 1183. In considering objections, the court has significant discretion to adjust the fees and costs downwards. *Id*. However, the court cannot decrease the award *sua sponte*. *Jackson Hewitt Inc. v. Nat'l Tax Network, LLC*, No. 10-5912, 2015 WL 5770089, at *4 (D.N.J. Sept. 29, 2015) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party.")).

The resulting lodestar is presumed reasonable. *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). Nevertheless, the Court has a "positive and affirmative function in the fee fixing process" and should exercise its discretion to exclude unreasonable hourly rates and hours in light of the results obtained. *Maldonado*, 256 F.3d at 184; *see also Elizabeth S. v. Sch. Dist. of Philadelphia*, No. 11-1570, 2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) ("[O]nce the lodestar has been calculated, the court may adjust it downward in light of the results obtained.") (citing *Hensley,* 461 U.S. at 434-37).

## III.    DISCUSSION

Plaintiff seeks recovery of 49.9 and 1.9 hours of attorney time at an hourly rate of $305 and $315, respectively for work done in 2025 and 2026, for a total of $15,817. (2/10/26 Ltr. at 2). The request is supported by a short letter from counsel including an itemization of his work performed on the matter by task, date and amount of time spent. (*Id.*). Defendants do not object

to Plaintiff's counsel's rates, but they complain that his itemized letter does not constitute sufficient "documentation" of the fees incurred and that Plaintiff seeks recovery for tasks beyond the scope of the Court's order and for excessive time spent on those tasks that are covered by it. (2/25/26 Ltr. at 1-2).  However, the case cited by Defendants in support of the former assertion, *Ramada Worldwide Inc. v. Keys Hospital, LLC*, is distinguishable because therein the plaintiff appears to have submitted only a total amount requested not broken down by task, date and time expenditure, and "[w]ithout such details, the Court [could] not determine whether [its] request for attorneys' fees and costs [were] reasonable and appropriate."[3]  761 F. Supp. 3d 771, 781 (D.N.J. 2024) (citing local rule "providing that an attorney seeking fees must provide a description of the services rendered, including the date of service, the billing rate, and who performed the work").  Here, by contrast, Plaintiff's counsel's description of the work performed includes these details, allowing for ready evaluation of the fees' reasonableness.  (*See* Ltr. 2/10/25 at 3-4).

Nonetheless, the Court agrees with Defendants that much of the work performed by counsel is not recoverable under its order.  First, the order awarded only "reasonable fees and expenses incurred in opposing Defendants' motion" for sanctions, but by its own acknowledgment Plaintiff seeks recovery for "the writing and filing of . . . Plaintiff's Motion for Leave to Seek Sanctions [and] Plaintiff's Motion for Limited Reconsideration" and submissions related to "Plaintiff's compliance with this Court's January 28, 2026 Order."  (2/10/25 Ltr. at 1). Plaintiff takes the position that the fees incurred relative to these other matters (including on its motion for leave, which the Court denied) are recoverable because the work on all of them was

---

[3]  Furthermore, as Defendants acknowledge, *Ramada Worldwide Inc.* would not support barring recovery but would, at most, only warrant requiring Plaintiff's counsel "to supply the Court with a copy of his billing records."  (2/25/26 Ltr. at 2); *see Ramada Worldwide Inc.*, 761 F. Supp. 3d at 781 ("Plaintiff is provided leave to submit documentation to support its attorneys' fees and costs pursuant to Local Civil Rule 54.2.").

"necessitated by Defendant's conduct," because the Court addressed these motions in conjunction with Defendants' motion, and because work spent on some matters was in turn used on other matters, (2/10/25 Ltr. at 1-2), but the Court's order unequivocally did not provide for such wide-ranging recovery. (Order, ECF No. 173). Accordingly, the Court reduces the amount of potential recoverable time to the 13.6 hours spent preparing Plaintiff's response to Defendants' motion for sanctions. (*See* 2/10/25 Ltr. at 3).

Defendants further contend that even this amount of time is "questionable at best" given the lack of complexity or "new ground . . . covered" in either its own motion for a protective order or Plaintiff's response thereto. (2/25/26 Ltr. at 2). In particular, they highlight as excessive Plaintiff's counsel's expenditure of 3.7 hours to "research" issues related to their straightforward motion. (*Id.*). They highlight Plaintiff's past requests for inordinate fees subsequently reduced by the Court and submit that any recoverable time in this matter be limited to a total of 3.7 hours, or $1,128.50. (*Id.* at 2-3).

Again, this Court agrees with Defendants, to a degree. The issues raised in Defendants' motion were not overly complex, and they certainly were not new, given the parties' long-running discovery disputes in this matter. Moreover, Plaintiff's response was twice as long as the motion to which it purported to respond. (*Compare* Defs.' Mot. for Pro. Order, ECF No. 161, *with* Pl.'s Resp. to Defs.' Mot. for Pro. Order, ECF No. 162). The Court does not intend to establish a bright-line cap on what constitutes a "reasonable" length response to motions filed in this case, but it also cannot ignore the risk that a submission that doubles the size of the filing it addresses goes beyond the scope of what was truly necessary to counter it. Particularly given the overall uncomplicated nature of the issues raised in this discovery dispute, the Court halves Plaintiff's time spent on the response to 6.8 hours, for a total of $2,074. *See Grant v. Lockett*, 605 F. Supp. 3d 399, 407 (N.D.N.Y. 2022) (explaining that although determining what hours

were reasonably expended "is not an exact science, but rather an effort to capture a reasonable fee based on the work claimed, . . . [a] percentage reduction is a practical means of trimming fat from a fee application and is a permissible way of reducing a fee award . . . especially . . . when the hours billed are . . . excessive") (internal citations omitted).

Finally, the court should consider who is responsible for the conduct leading to the need for an award of attorneys' fees, "the party, the attorney, or both." *Wachtel*, 239 F.R.D. at 84. Here, the responsible individual was apparently Defendants' attorney, Michael Monsour, Esquire, not Defendants personally. The filing of the motion for sanctions without a substantial justification was a strategic decision likely made by Mr. Monsour, not Defendants themselves. Accordingly, he shall pay the fee award.

## IV.    CONCLUSION

For these reasons, the Court awards Plaintiff $2,074.00 in fees, representing 6.8 compensable hours of attorney time spent in opposing Defendants' motion for sanctions, payable by Mr. Monsour within 60 days. An appropriate Order follows.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

6