**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CT INSTALL AMERICA, LLC,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.: 22-cv-4557** |
| | : | |
| **JULIAN BORYSZEWSKI, et al.,** | : | |
| **Defendants.** | : | |

**O R D E R**

**AND NOW**, this ___8TH___ day of July, 2026, upon consideration of Plaintiff's Motion for Sanctions Regarding Defendants' Production and Responses to Interrogatories (ECF No. 178), Defendants' response in opposition thereto (ECF No. 180), and Plaintiff's reply in further support (ECF No. 181), and for the reasons set forth in the accompanying Memorandum, Plaintiff's motion is **GRANTED in part** and **DENIED in part** as follows:

1.  Within 30 days, Defendants[1] shall provide Plaintiff:

    a.  with amended responses identifying the Bates numbers of all documents responsive to Interrogatories Numbers 5 through 7, 10 through 12, 14, 16 and 17;

    b.  with an amended response definitively setting forth all information for each Defendant, as applicable, requested in Interrogatory Number 4;

    c.  provide Plaintiff *all* electronic messages (in whatever format) exchanged between or among them during the relevant period, as requested in Request for Production Number 6 even if the message was sent or received on a

---

[1]  As set forth in the accompanying Memorandum, "Defendants" shall refer to Julian Boryszewski, Focal Point Remodeling, Inc. (FPR), Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Alexx Biscuit, Timothy Bodnar, Carrie Sullivan, and Matthew Blumberg.

"personal" device;

d.   the cell phone data backup and any other withheld electronically stored information of Matthew Boryszewski (and similar materials for any other Defendant who is not currently affiliated with FPR);

e.   all tablets, including hard drives and memory backups, as well as the affidavit from Attorney Harter (or a similarly knowledgeable individual) listing their devices.   The affidavit shall specify where each can be located in Defendants' production and, for any devices not produced, the reason, relevant dates, and what efforts Defendants have undertaken to locate the device.   Moreover, they will sort out the issue with the verification code for the referenced "additional production" or find an alternative delivery method that otherwise provides Plaintiff unfettered access to it;

2.   Within 14 days, Plaintiff shall submit documentation of its reasonable fees and expenses incurred in prosecuting the motion; and

3.   Defendants may submit a response challenging the amount of that request within 14 days of receipt thereof.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

2