**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CT INSTALL AMERICA, LLC,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.: 22-cv-4557** |
| | : | |
| **JULIAN BORYSZEWSKI, et al.,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**SITARSKI, M.J.** **October 19, 2026**

Presently pending before the Court is Plaintiff's request for attorneys' fees pursuant to the Court's July 8, 2026, Order granting Plaintiff's Motion for Sanctions, as well as Defendants'[1] objections to Plaintiff's request.[2] For the reasons that follow, the Court awards Plaintiff $9,135.00 in fees, payable to Plaintiff by Defendants, within 60 days.

## I. RELEVANT BACKGROUND[3]

On March 17, 2026, Plaintiff filed its Motion for Sanctions Regarding Defendants' Production and Responses to Interrogatories. (Mot. for Sanctions, ECF No. 178). On April 2, 2026, Defendants filed a response, (Resp., ECF No. 180), and on April 20, 2026, Plaintiff filed a

---

[1] For purposes of this motion, "Defendants" shall refer to Julian Boryszewski, Focal Point Remodeling, Inc., Jessica Boryszewski, Nicholas Canci, Matthew Boryszewski, Matthew Cruz, Ginger Stanley, Timothy Bodnar, Carrie Sullivan, and Matthew Blumberg.

[2] Plaintiff has also submitted a "reply letter" not authorized by the Order, which allowed for only one submission from each side. (*See* Order, ECF No. 196). The Court does not consider this additional letter.

[3] For additional background, see the Court's May 8, 2023, Memorandum denying Plaintiff's Motion for Preliminary Injunction. (Memo., ECF No. 69).

reply. (Reply, ECF No. 181). On July 8, 2026, the Court granted Plaintiff's motion, in part, and awarded it "reasonable fees and expenses incurred in prosecuting the motion," with the amount to be determined following an additional submission from each side. (Order, ECF No. 196).

On July 22, 2026, Plaintiff submitted its letter in support of the requested amounts, and on July 30, 2026, Defendants submitted their objections thereto.

## II. LEGAL STANDARD

When a party from whom discovery is sought fails to comply with a court order compelling discovery, Rule 37 of the Federal Rules of Civil Procedure allows for the imposition of sanctions. District courts retain "broad discretion" in fashioning appropriate sanctions under Rule 37. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006), but any sanctions must be "just." *Estate of C.I.R.*, 41 F.3d 103, 111 (3d Cir. 1994).

The court assesses the reasonableness of the requested attorney's fees by applying the lodestar formula, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). It is initially the burden of the prevailing to party to demonstrate the reasonableness of the claimed rate and the hours spent. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Shanea S. v. Sch. Dist. of Phila.*, No. 12-1056, 2014 WL 2586940, at *1 (E.D. Pa. June 10, 2014). The burden then shifts to the party opposing the fee request to make specific objections to the rate and hours. *Rode*, 892 F.2d at 1183. In considering objections, the court has significant discretion to adjust the fees and costs downwards. *Id*. However, the court cannot decrease the award *sua sponte*. *Jackson Hewitt Inc. v. Nat'l Tax Network, LLC*, No. 10-5912, 2015 WL 5770089, at *4 (D.N.J. Sept. 29, 2015) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award *sua*

*sponte*; rather, it can only do so in response to specific objections made by the opposing party.")).

The resulting lodestar is presumed reasonable. *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). Nevertheless, the Court has a "positive and affirmative function in the fee fixing process" and should exercise its discretion to exclude unreasonable hourly rates and hours in light of the results obtained. *Maldonado*, 256 F.3d at 184; *see also Elizabeth S. v. Sch. Dist. of Philadelphia*, No. 11-1570, 2012 WL 2469547, at *2 (E.D. Pa. June 28, 2012) ("[O]nce the lodestar has been calculated, the court may adjust it downward in light of the results obtained.") (citing *Hensley,* 461 U.S. at 434-37).

## III. DISCUSSION

Plaintiff seeks recovery of 90.20 hours of attorney time at an hourly rate of $315.00, for a total of $28,413.00. (7/22/26 Ltr. at 3). The request is supported by a letter from counsel including an itemization of his work performed on the matter by task, date and amount of time spent. (*Id.*). Defendants do not object to Plaintiff's counsel's rates, but they complain that Plaintiff seeks recovery for tasks beyond the scope of the Court's order and for duplicative or excessive time spent on those tasks that are covered by it. (7/30/26 Ltr. at 1-3).

The Court agrees with Defendants that much of the work performed by counsel is not recoverable under its order. First, the order awarded only "reasonable fees and expenses incurred in prosecuting the instant motion" for sanctions, but by its own acknowledgment Plaintiff seeks recovery for submissions related to "Pre-Motion Conferral and Deficiency Notices." (7/22/26 Ltr. at 3). Plaintiff takes the position that the fees incurred relative to these other matters immediately preceded Plaintiff's motion, which subsequently documented a two-

year pattern. (*Id.* at 1-2). Plaintiff also seeks recovery for submissions related to "Order and Compliance." (*Id.* at 5). However, the Court's order unequivocally did not provide for such wide-ranging recovery. (Order, ECF No. 194; *see also* Order, ECF No. 193 (similarly limiting Plaintiff's recovery in the prior fee award to the time actually spent preparing the submission at issue)). Accordingly, the Court reduces the amount of potential recoverable time to the 47.00 hours spent preparing Plaintiff's motion for sanctions and the 22.50 hours spent preparing Plaintiff's reply in support of the motion, or 69.50 hours.

Moreover, the Court observes that Plaintiff's reply was substantially longer than the response it purportedly addressed. (*Compare* Resp., ECF No. 180 (14 pages), *with* Reply, ECF No. 181 (23 pages)). As this Court has previously informed the parties, it establishes no bright-line rule regarding what constitutes "reasonable" length motion briefing in this case. (Memo., ECF No. 195, at 5). Nonetheless, upon review of Plaintiff's reply vis-à-vis Defendant's response, the Court finds that the former was approximately twice as long as necessary and cuts the time spent on it accordingly, from 22.50 to 11.50 hours. This reduction leaves a maximum of 58.00 hours of compensable time. Defendants further contend that even this amount of time "warrant[s] scrutiny" and is likely excessive due to the duplicative nature and relative simplicity of the issues presented. (7/30/26 Ltr. at 4). They highlight Plaintiff's past requests for inordinate fees subsequently reduced by the Court and submit that any recoverable time in this matter be limited to a total of 6.8 hours, or $2,142.00. (*Id.*).

Again, this Court agrees with Defendants, to a degree. The issues raised in Plaintiff's motion are some in a series of long-running discovery disputes between the parties, and, as such, they were neither new nor overly complicated. Therefore, the time spent addressing them was likely excessive due to "unnecessary duplication and relative simplicity of the issues presented." (*See id.*). The Court further agrees with Defendants that fees incurred to recount the discovery

history are not compensable in prosecuting the instant motion. (*See id.*). However, the Court does not agree with Defendants' suggested compensable time amount of 6.8 hours, which is apparently based solely on the fact that that was the amount of time for which Plaintiff was reimbursed for having to respond to Defendants' failed motion for a protective order. (*See id.*). Upon comparison of the two motions, the issues raised in this latest discovery spat were more extensive, and, as the movant this time around, Plaintiff had the right to, and did, file two briefs, the opening brief in support and a reply. Accordingly, the Court rejects Defendants' invitation to issue essentially the same award as previously, but for the reasons stated herein it still halves Plaintiff's time spent on the motion and reply from 58.00 hours to 29.00 hours, for a total of $9,135.00. *See Grant v. Lockett*, 605 F. Supp. 3d 399, 407 (N.D.N.Y. 2022) (explaining that although determining what hours were reasonably expended "is not an exact science, but rather an effort to capture a reasonable fee based on the work claimed, . . . [a] percentage reduction is a practical means of trimming fat from a fee application and is a permissible way of reducing a fee award . . . especially . . . when the hours billed are . . . excessive") (internal citations omitted).

Finally, the court should consider who is responsible for the conduct leading to the need for an award of attorneys' fees, "the party, the attorney, or both." *Wachtel*, 239 F.R.D. at 84. Here, the Defendants are personally responsible. The issues raised in Plaintiff's motion—failures to produce electronic messaging and other electronic data belonging to Defendants—appears attributable to them personally, not the Defendants' attorney.[4] *See id.* Accordingly, Defendants shall pay the fee award.

---

[4] For example, no indication exists that Defendants were advised by counsel to withhold responsive electronically stored information or that such information was turned over to but subsequently withheld by him. (*Cf.* Memo., ECF No. 193, at 6 (explaining that fees expended in opposing baseless motion for protective order were assessed against counsel because the offending motion "was a strategic decision likely made by" him)).

## IV. CONCLUSION

For these reasons, the Court awards Plaintiff $9,135.00 in fees, representing 29.00 compensable hours of attorney time spent in opposing Defendants' motion for sanctions, payable to Plaintiff by Defendants within 60 days. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge